Yours very truly,<br>/s/ WILLIAM D. BONILLA

CC City Attorney
  City Hall
  Kingsville, Texas
  City Manager
  City Hall
  Kingsville, Texas."

Defendant City asserts, among other things, that the letter is fatally defective and not in compliance with the City's Ordinance because it is not verified by affidavit or acknowledgment.

■ Ordinances such as here, requiring a written claim for death or personal injury against a city to be filed within a specified time, are mandatory, and such filing is a condition precedent before a suit can be maintained against the City for such injury. City of Terrell v. Howard, 130 Tex. 459, 111 S.W.2d 692; Phillips v. City of Abilene, CCA, Er. Ref., 195 S.W.2d 147.

■ Moreover, our courts have almost without exception required strict compliance with charter provisions and ordinances of this nature. Cawthorn v. City of Houston, Comm.App., 231 S.W. 701; Gardner v. City of Houston, CCA, (n. w. h.) 320 S.W.2d 715; Robinson v. City of Hereford, CCA, (n. r. e.) 324 S.W.2d 313.

■ Where verification is required by the City Ordinance, as here, the notice must be verified to be effective, and such requirement is held to be a matter of substance and not of mere form. 38 Am.Jur. p. 395; 51 A.L.R.2d p. 1149; 63 C.J.S. Municipal Corporations § 925, p. 366.

■ Because plaintiffs' notice was not verified as required by the defendant City's ordinance, such notice is not in substantial and sufficient compliance with the City's ordinance.

Affirmed.

**GULF COAST OPERATORS, INC.,**
Appellant,

v.

**FLEMING OIL COMPANY, Inc., et al.,**
Appellees.

**No. 14614.**

Court of Civil Appeals of Texas.

Houston.

Sept. 23, 1965.

Anderson & Frank, Robert E. Anderson, Houston, for appellant.

Charles R. Clements, Houston, for appellee Fleming Oil Co., Inc.

Louis Paine, Jr., Houston, Butler, Binion, Rice, Cook & Knapp, Houston, of counsel, for appellee H. A. Potter, Jr.

WERLEIN, Justice.

This suit was brought by Gulf Coast Operators, Inc., herein referred to as Gulf Coast, as operator of an oil and gas lease, against Fleming Oil Company, Inc., hereinafter called Fleming, Goddard Machinery Company and H. A. Potter, Jr., owners of non-operating working interests in the lease, for payment of operating costs allegedly attributable to their non-operating working interests, and against Scurlock Oil Company, the purchaser of production from the lease, to recover proceeds from production attributable to the interests of Fleming, Goddard and Potter. Fleming and Pot-

ter counterclaimed against Gulf Coast and Scurlock Oil Company for their respective interests in production or the proceeds therefrom which were held in suspense by Scurlock Oil Company or which had been released to Gulf Coast. The interest of Goddard Machinery Company in the lease was acquired by Potter.

The case was tried to the court without a jury, and the trial court decreed that Gulf Coast, which owned an undivided one-third interest in the oil and gas lease and well thereon known as the Oran Brooks well, had expended for the benefit of the five-twelfths interest in the lease owned by Fleming, $8,551.59 in the operation, development and maintenance of the lease up to and including November 30, 1964, and for the benefit of the undivided one-fourth interest in the lease owned by Potter, $5,130.-95, but that both such amounts had been paid from funds attributable to the respective interests of said parties; and that Scurlock Oil Company had accrued to the account of Fleming the sum of $25,089.89 and to the account of Potter the sum of $14,140.41 as proceeds of production from said lease, but that no part of said sums had been paid to said parties. The court further decreed that Scurlock Oil Company had paid to the plaintiff, Gulf Coast, from said accrued sums the amount of $25,748.82, being an amount in excess of the amounts which Gulf Coast had expended for the benefit of the interests of Fleming and Potter, and that, therefore, Gulf Coast had been paid in full the amounts expended by it for the benefit of said parties, the appellees herein. The court further decreed that Scurlock Oil Company pay the balance of said accrued sums to Fleming and Potter as follows: To Fleming $16,538.38, and to Potter $9,009.46, and that said defendants have judgment against Scurlock for such amounts.

The court found that Scurlock Oil Company had paid to Gulf Coast the sum of $12,-066.28 in excess of the amounts which Gulf Coast had expended for the benefit of the interests of Fleming and Potter, and, there-fore, the court decreed that Gulf Coast pay the sum of $12,066.28 to Scurlock Oil Company.

In its first point appellant asserts that the trial court erred in disallowing it many of the costs proven to have been incurred by it for the benefit of the interests of the appellees, Fleming and Potter, in the Oran Brooks lease, there being no evidence to support the disallowance of such costs by the trial court. Although this point is a no evidence point, and both it and the statement under it are too broad and indefinite for consideration, we have read the entire statement of facts consisting of some 446 pages. We note that the judgment of the trial court was approved both as to substance and form by the attorneys representing appellant and appellees. The court was not requested to make any findings of fact or conclusions of law and did not do so.

Appellant has failed to point out what costs paid by it were disallowed by the court, and there is nothing in the record to show which costs were disallowed and which were allowed, or why certain of the costs were disallowed, if they were. Appellant contends that it introduced invoices, vouchers and checks showing expenditures of monies for various types of operations involved in maintaining the lease and producing the well located thereupon from November 1, 1960 to November 30, 1964. It asserts that such expenditures total $12,472.24 and comprise the following Plaintiff's Exhibits: 2–7, 9–15, 17–19, 21–122, 180–200, of the Statement of Facts. There is no tabulation of the invoices and vouchers in the record. Appellant contends that the court must have disallowed some of these items but it fails to point out which were allowed and which were disallowed. In order for this Court to determine which of such items were disallowed and which were allowed by the court, it would necessitate an accounting job on the part of this Court. Even then it would likely be impossible to determine exactly which costs were disallowed due to the state of the record. In addition to the foregoing alleged costs, Gulf Coast's president testi-

fied that materials from its inventory were used for the benefit of the Oran Brooks lease, and that such material, not itemized in separate invoices, had a value of $700.00 to $1,000.00. He also testified that the charge for administrative overhead at the rate of $75.00 was reasonable and customary in Harris County.

It was shown by appellees that many of the invoices covering material furnished by third parties were improperly billed. Appellant's president testified that the mistakes in the billing were made by girls in appellant's office and that it was possible that some of the material put on the Ivy Oaks well on another lease was charged to the Brooks well. On cross-examination the president of appellant testified there was no allocation with respect to some of the bills between the Ivy Oaks well and the Brooks well, and that a number of invoices that were billed in error to Ivy Oaks should have been billed to the Brooks well. The evidence shows that there were a number of invoices included in appellant's claim which were not allocated between the Oran Brooks and other wells, and that some bills which were invoiced to Ivy Oaks were charged to Brooks. Appellant contends that where a discrepancy was shown, the amount included in the invoice was disregarded. However, the testimony of the president of appellant was that of an interested party, and it was not free from contradiction, inaccuracies, and circumstances tending to impeach some of it.

Appellees assert that the evidence shows that invoices representing sums in excess of $1,598.85, which were introduced by appellant as properly chargeable to the Brooks lease, were in fact charged by appellant to other leases and had been paid by other parties; that appellees were not given credit for any discounts in connection with the invoices covering material purchased; that Gulf Coast's administrative offices were poorly run and inefficient. The trial court could have concluded that the administrative overhead charge of $75.00 per month was not reasonable under the circumstances.

Fleming also contends that it should have been allowed a credit in the amount of $3,-434.21. There were other discrepancies in connection with the evidence and testimony introduced which we need not enumerate. Although appellant contended in its brief that it was entitled to pumpers' salaries during the period in question aggregating $16,768.00, appellant's attorney in argument before this Court stated that appellant was not claiming anything for pumpers' salaries. This concession was apparently made because of the failure of appellant to properly allocate salaries to the Brooks and other wells. Furthermore, with respect to travel expenses of pumpers, it seems that other wells might have been serviced by the pumpers as well as the Oran Brooks well, so that there should have been some allocation with respect to the amounts claimed for transportation, but no definite allocation was made.

■ In view of the testimony given by the appellant's president, and contradictions in the record, the trial court was not required to accept the testimony of appellant. The court could have found that some of the charges were not reasonable or necessary; that the claim consisting of administration charges was not reasonable; that allocation had not been made of certain items which should have been made, and that some items were improperly charged to the Oran Brooks which should have been charged to other leases.

■ In Anchor Casualty Co. v. Bowers, Tex., 393 S.W.2d 168, the Court held that the uncontradicted testimony of an interested witness cannot be considered as doing more than raising an issue of fact. An exception is made when the testimony of the interested witness is clear, direct, and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony. Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, Tex.Sup.1965. In the instant case there are circumstances in evidence tending to discredit or impeach

some of the testimony of appellant's president. Moreover, in this case the appellees did not have the means or opportunity of disproving much of the testimony that was given by appellant's president. See Owen Development Company v. Calvert, 1957, 157 Tex. 212, 302 S.W.2d 640; McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 (1943).

█ Appellant first sued on open account for certain alleged expenses incurred in the operation, development and maintenance of the leases in question. Thereafter, however, by amended pleading appellant sued in quantum meruit claiming an amount due of some $25,944.48. The law is well established that the findings of the trial court, where the case is tried without a jury, are equivalent to a jury verdict on special issues, and that a reviewing court will not disturb such findings if there is some evidence of probative force to support the same, viewing the evidence in the light most favorable to the successful party and indulging every legitimate conclusion that is favorable to him. Googins v. E. W. Hable & Sons, Tex.Civ.App., 237 S.W.2d 705, writ ref., n. r. e. See also Quinn v. Wilkerson, Tex.Civ.App., 195 S.W.2d 399, and Wininger v. Fort Worth & D. C. R. Co., 105 Tex. 56, 143 S.W. 1150. Appellant has failed to point out any specific error on the part of the trial court in connection with its claim in quantum meruit.

██ In its second point appellant asserts that the trial court erred in failing to adjudge to it the account receivable from the defendant Fleming originally owed to the Estate of J. P. Petkas, Deceased, and assigned to the plaintiff. The point fails to direct this Court's attention to what the error of the court consists of. It fails to state whether the finding of the court is contrary to the evidence or the law or against the great weight and preponderance of the evidence. A point of error is a complaint of some ruling or judgment of the trial court that is contrary to the evidence or the law. McDonald v. Grant, Tex.Civ.

App., 312 S.W.2d 694, writ dism. Appellant in argument before this Court took the position that the sums of money found by the court show that the court either did not adjudge to it the account receivable owing by Fleming or that the court improperly disallowed a large part of the amount due it upon the invoices admitted in evidence. Appellant has failed to show what the trial court did. Without some specific showing of error on the part of the trial court, this Court must affirm the court's judgment. We are not in a position to do otherwise. In Flint v. Knox, Tex.Civ.App., 173 S.W.2d 214, ref., w. o. m., the court said:

"Obviously, under our authorities, not only is every reasonable presumption to be indulged in the support of the judgment so rendered, but this appellate court is not required to go off on an extended fishing-expedition through such a statement of facts in search of evidence either to support a judgment so rendered, or to determine that none exists. 3 Tex.Jur., paragraph 379, page 540, footnote 5, and cited authority; 3 Tex.Jur., paragraph 747, page 1059; 3 Tex.Jur., paragraph 748, page 1061."

█ In its last point appellant complains that the court erred in failing to adjudge attorney's fees to it. We are of the opinion that there are several reasons why the court properly refused to allow appellant attorney's fees. It is clear that appellant must rely upon Article 2226, Vernon's Annotated Texas Statutes, in order to recover attorney's fees in this case. Article 2226 provides, "and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, *and he should finally obtain judgment for any amount thereof as presented for payment* to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney." (Emphasis supplied.) The provision with respect to finally obtaining judgment for any amount of the claim pre-

sented for payment cannot be written out of the Article since such article is penal in nature and in derogation of the common law and must be strictly construed. Van Zandt v. Fort Worth Press, Tex.Sup.1962, 359 S.W.2d 893; Davenport v. Harry Payne Motors, Tex.Civ.App.1953, 256 S.W.2d 245; United States Life Ins. Co. v. Hamilton, Tex.Civ.App., 238 S.W.2d 289, writ ref. n. r. e.; Kirkwood & Morgan, Inc. v. Roach, Tex.Civ.App., 360 S.W.2d 173, writ ref. n. r. e. See also Huff v. Fidelity Union Life Ins. Co., 158 Tex. 433, 312 S.W.2d 493.

In the instant case, the judgment of the court decreed nothing to appellant, since appellant had previously been paid in full by Scurlock Oil Company the one-third of the proceeds from production which it was entitled to, and had also previously drawn down from Scurlock Oil Company an amount in excess of the amounts it had expended for the benefit of the interests of Fleming and Potter. Instead of appellant recovering anything by the judgment, it was required by the judgment to pay the sum of $12,066.28 to Scurlock Oil Company.

It is our view also that appellant has failed to show that the claim sued upon is such as would authorize the recovery by it of attorney's fees. See Van Zandt v. Fort Worth Press, supra. Appellant as operator of the Brooks well purchased from third parties material for the use and benefit of itself and the non-operating working interests in the Oran Brooks well, but it did not furnish such material to the non-operators, nor did they receive any material. It is clear that appellant is not entitled to an attorney's fee under Article 2226, V.A.T. S., based upon material furnished the Oran Brooks lease and well by third parties, whether such material was immediately or later used on the well.

Judgment affirmed.