**Grace STUART, Appellant,**

**v.**

**Edward Francis STUART, Appellee.**

**No. 101.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 8, 1968.

Rehearing Denied June 5, 1968.

John N. Barnhart, Mandell & Wright, Houston, for appellant.

Mathes L. Kinney, Kinney & Binig, Houston, for appellee.

**SAM D. JOHNSON, Justice.**

Appellant brought this action in the trial court seeking a Bill of Review and, alternatively, for a change in custody of the minor children born of the previous marriage between the appellant, Grace Stuart, and the appellee, Edward Francis Stuart. The petition for the Bill of Review was directed at the prior uncontested divorce between these parties. It was in that prior divorce that appellee was granted custody of the minor children. It is not necessary in this opinion that we give consideration to the application for change of custody.

Appellant's sworn "First Amended Original Petition," which was sworn to by her, was filed on August 25, 1967. On September 6, 1967, appellee filed his "First Amended Motion for Summary Judgment" accompanied by a single affidavit, his own. The trial court had, therefore, the appellee's Motion for Summary Judgment without support except for the appellee's own affidavit. Subsequently, on September 8, 1967, appellant responded with four affidavits, one of which was by the appellant, Grace Stuart, and the other three were by different individuals.

By Bills of Exception it is indicated that on October 2, 1967, the date of its hearing, the trial court on *oral motion* of the appellee struck each of the four affidavits of the appellant. In each instance, the appellant, "objected and excepted to said motion to strike, asserting that the same was not timely, and that if same were to be considered, then plaintiff should be granted leave to amend." After striking appellant's four affidavits the trial court denied leave to amend and forthwith proceeded to grant the appellee's motion for summary judgment.

Numerous points and counterpoints of error are brought forward for consideration. We do not give detailed consideration to all contentions as we must conclude that the court was in error in granting the Motion for Summary Judgment, and that this case must be reversed and remanded to the trial court. The determination here made is predicated solely on the trial court's action in granting the Motion for Summary Judgment at the time and under the circumstances then prevailing.

The basis of appellant's application for Bill of Review was that she had been coerced to agree to the earlier decree of divorce by virtue of duress and intimidation brought to bear upon her by the appellee. Appellant's petition for Bill of Review alleged that the coercion, duress and intimidation amounted to fraud so as to support her contention by way of Bill of Review. It was this alleged duress, intimidation and coercion to which appellant's affidavits referred, which were striken by the court on oral motion.

Appellee's Motion for Summary Judgment and his accompanying affidavit deny coercion, duress or intimidation, and do so in a most general way. Appellee's denials are very similar, in fact, to the contrary direct assertions and allegations contained in appellant's sworn pleading and striken affidavits. After striking the appellant's affidavits, the trial court had before it the two parties that were thus situated: the appellant had the allegations of coercion, intimidation, duress and fraud contained in her sworn pleading; the appellant requested and was denied an opportunity

to amend; the appellee had denials of the coercion, intimidation, duress and fraud contained in his own pleading, supported by his own affidavit.

 Our attention is initially directed to the record from appellee's point of view for it is his own affidavit and pleading that must support the Motion for Summary Judgment, if it can be supported. "The general rule is that the testimony of an *interested witness* does no more than raise a fact issue to be determined by the jury." (Emphasis added). Taylor & Son, Inc. v. Arlington Independent School Dist., 160 Tex. 617, 335 S.W.2d 371; Seldon v. S & S Aggregates Co., Tex.Civ.App., 410 S.W.2d 231, ref. n. r. e. Here both the motion and the affidavit of the appellee, all that the trial court had to support its action, were from the most interested of all witnesses, the appellee himself. "All conflicts in evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286 (1957); Smith v. Bolen, supra, 153 Tex. 486, 271 S.W.2d 93; Gulbenkian v. Penn, supra, 151 Tex. 412, 252 S.W.2d 929." Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.Sup. Ct.). The evidence, on at least half the pleadings, were directly contradictory, the appellant declaring coercion, intimidation, duress and fraud, and the appellee declaring just the opposite.

 Further, "Evidence which favors the movant's position is not considered unless it is *uncontradicted*. If such uncontradicted evidence is from an *interested witness*, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904." (Emphasis added). Great American Reserve Ins. Co. v. San Antonio Plumbing Supply

Co., supra. See also Anchor Casualty Co. v. Bowers, 393 S.W.2d 168 (Tex.Sup.Ct.), and Gulf Coast Operators, Inc. v. Fleming Oil Co., Tex.Civ.App., 393 S.W.2d 954, no writ hist. We do not believe it can be said that the recitations of the appellee's affidavit were uncontradicted. They are in the form of denials of appellee's contentions and are directly contrary to appellant's sworn pleading.

We are familiar with the authority to the effect that pleadings alone, even sworn pleadings, are not sufficient to support the denial of a motion for summary judgment. Keahey v. Dallas Teachers Credit Union, Tex.Civ.App., 374 S.W.2d 450, no writ hist.; Turinsky v. Turinsky, Tex.Civ.App., 359 S.W.2d 114, no writ hist.; Stayton, 29 Tex.L.Rev., 688.

 We have three compelling circumstances mitigating against the application of that rule in the case at bar. First, the *nature* of the opposing affidavit which was actually in the form of a denial of direct assertions by the other party. Secondly, that there was only one affidavit and this being by a party to the suit. Third, would be the action of the court in stripping the appellant's case by summarily striking her four affidavits on *oral* motion and at the same time denying her leave to amend. The effect of this action is to summarily position a party so that response cannot be made, and, on the direction of the court, to prohibit subsequent amendment.

 From the record as a whole, it appears that a material fact issue has clearly been raised. In such instance, whether supported by the pleadings or not, a summary judgment is improper. Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233; Gonzales v. Texas Employers' Ins. Ass'n., Tex.Civ.App., 408 S.W.2d 521, ref., n. r. e. Facts certainly appear which would justify amendment of the pleadings, and such amendment should not be prevented by entry of a summary judgment. Womack v. Allstate Ins. Co., supra; Maddox v. Oldham Little Church Foundation, Tex.Civ.App.,

411 S.W.2d 375, ref., n. r. e.; Nix v. Davis, Tex.Civ.App., 358 S.W.2d 225, no writ hist. Where such summary judgment is improper, it should be denied regardless of defects in pleadings of the adverse party. Morris v. University of Texas, Tex.Civ.App., 348 S.W.2d 644, reversed, 163 Tex. 130, 352 S.W.2d 947, certiorari denied, 371 U.S. 953, 83 S. Ct. 511, 9 L.Ed.2d 503.

Under the circumstances here presented, we believe that the appellee was not clearly entitled to the summary judgment and it is therefore necessary that this cause be reversed and remanded.

Reversed and remanded.