**NATIONAL SOIL STABILIZERS, INC., et al., Appellants,**

v.

**AMERICAN LEASE PLAN, Appellee.**

No. 15544.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Nov. 28, 1969.

McNeal & Thrash, Scott Thrash, Alvin, for appellants.

Lapin & Mayer, Stephen Smith, Houston, for appellee.

·COLEMAN, Justice.

This is an appeal from a summary judgment in favor of the plaintiff based on unsworn pleadings.

Appellee sued National Soil Stabilizers, a Corporation, for damages based on a breach of a written lease of certain furniture and equipment. R. Doug Winn was joined as a defendant by virtue of a written contract of guaranty. There were no sworn pleadings. Appellants answered by a general denial. The motion for summary judgment and the answer filed in response thereto were unsworn. The copies of the lease and guaranty agreement attached to appellee's petition were not certified or verified in any manner.

■ Appellants contend that issues of fact were raised by the pleadings. We agree. We will assume that the lease agreement attached to the plaintiff's petition is a true copy of the executed agreement for the purpose of this opinion.

In his petition appellee alleged:

"* * * Plaintiff would show to this Court that there was an outstanding balance due and owing under the terms and conditions of the said lease in the sum of $2,045.04 when Plaintiff declared the Defendants in default. Further, in accordance with the terms of the lease agreement, on or about January 15, 1969 Plaintiff repossessed said equipment and determined the reasonable market value of the equipment to be $880.00, leaving a balance now due and owing to be in the sum of $1,165.04."

Section 1^ of the lease provides that in the event of default the lessor can (a) sue for and recover all rents and other amounts due under the lease; (b) repossess the equipment, sell it at public or private sale and apply the net proceeds of such sale to the balance of rent payable under the lease as a credit; (c) terminate the lease agreement, repossess the equipment and recover from lessee the excess of the remaining rent due over the reasonable rental value of the equipment for the remainder of the lease term; or (d) pursue any other remedy existing at law or in equity.

If appellee was attempting to follow the procedure provided in (c) above, the question of reasonable rental value for the remainder of the lease term is a question of fact. The question of reasonable market value is not pertinent to any remedy provided by the terms of the lease.

The date of the default in payment of the rent was not alleged nor was there an allegation that the default had continued for a period of ten days before the property was repossessed as required by the terms of the lease. Proof of these facts was necessary to justify appellee's action in repossessing the property.

■ In this case there is no proof of any of the facts alleged. In a summary judgment procedure the movant, if he is plaintiff, must prove a prima facie case, and also must negative the existence of any issue of fact which might defeat the cause of action. Where no issues of fact are raised by summary judgment evidence, it would not be necessary to negative the existence of affirmative defenses which the defendant has not plead. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958); Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.1965); Manney & Co. v.

Texas Reserve Life Ins. Co., 407 S.W.2d 345 (Tex.Civ.App.-Dallas 1966); Stuart v. Stuart, 429 S.W.2d 163 (Tex.Civ.App.-Houston, 14th Dist. 1968, ref. n. r. e.); Smith v. Crockett Production Ass'n, 372 S.W.2d 956 (Tex.Civ.App.-Houston, 1st Dist. 1964, ref., n. r. e.).

Reversed and remanded.