**NATIONAL HOMES CORPORATION,**
Appellant,

v.

**C. J. BUILDERS, INC., et al., Appellees.**

**No. 14610.**

Court of Civil Appeals of Texas.

Houston.

Sept. 9, 1965.

Rehearing Denied Oct. 7, 1965.

Wendell S. Loomis, Houston; Sam R. Fisher, Houston, of counsel, for appellant.

Vinson, Elkins, Weems & Searls; Raybourne Thompson, Jr., Houston, for appellees.

WERLEIN, Justice.

This is an appeal from a summary judgment. Appellant, National Homes Corporation, sued appellees upon a sworn account for the sum of $595.94 and reasonable attorney's fees in the sum of $300.00, and prayed for judgment in the total amount of $895.94, interest and court costs. The original petition was filed February 5, 1964 and the first amended original petition on August 10, 1964. Service was not had on appellees until August 20, 1964. Thereafter, on October 16, 1964, appellees filed their amended answer in which they pleaded payment in full of the account by check in the amount of $594.00 (attached copy of check shows $595.94), which was accepted in payment in full for all amounts owed by C. J. Builders, Inc., to appellant and which was on or about February 27, 1964 duly paid and charged to the account of said appellee.

The evidence shows that appellee, Carroll D. Jacob, on or about February 10, 1964 drew a check for and on behalf of appellee, C. J. Builders, Inc., payable to appellant in the amount of $595.94, being the exact amount of the sworn account. This check, which was received and cashed by appellant, had written on the reverse side thereof the phrase "Accepted as payment in full of all amounts owed to us by C. J. Builders, Inc." Under such words was stamped "For deposit only to account of National Homes Corporation Transfer Account."

On January 6, 1965 appellees filed their motion for summary judgment on the ground that the pleadings and admissions in appellant's first supplemental petition showed that a settlement of all claims asserted against appellees by appellant was effected on February 10, 1964, the date of the aforesaid check, and that the attorney's fee was but a part and parcel of the total cause of action for amounts owed for goods and merchandise sold and delivered by appellant to appellees, and was, therefore, extinguished, as a matter of law, by the effecting of a settlement in full of all monies owed to appellant by C. J. Builders, Inc. Appellant also filed a motion for summary judgment. The trial court heard both motions and ordered and decreed that appellant's cause of action be dismissed since the court "was of the opinion the Plaintiff had been paid in full and that there was nothing further to contest."

The main question before us is whether under the facts hereinabove related the trial court erred in finding that appellant had been paid in full and in dismissing appellant's cause of action. The payment made by appellees of $595.94 was made after appellant had filed its suit, but before appellees had been served with citation. The trial court found that demand for payment of the account had been made more than thirty days prior to filing suit on February 5, 1964. Appellant contends that the payment of the principal account after suit has been filed does not bar the claim for attorney's fees and costs which are accrued by the filing of suit. Appellees, however, assert that Article 2226, Vernon's Annotated Texas Statutes, under which appellant claims to be entitled to attorney's fees, provides: "and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, *and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation,* he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney." (Emphasis added.) It is appellees' contention that since appellant did not recover judgment for any amount of the claim which had been paid in full, appellant may not recover any attorney's fees.

■ It is clear that appellant must rely upon Article 2226, V.A.T.S., in order to recover attorney's fees. The provision with respect to finally obtaining judgment for any amount of the claim presented for payment cannot be written out of the Article since such Article is penal in nature and in derogation of the common law and must be strictly construed. Davenport v. Harry Payne Motors, Tex.Civ.App. 1953, 256 S.W.2d 245; U. S. Life Ins. Co. v. Hamilton, Tex.Civ.App., 238 S.W.2d 289, writ ref., n. r. e.; Kirkwood & Morgan, Inc. v. Roach, Tex.Civ.App., 360 S.W.2d 173, writ ref., n. r. e. In Huff v. Fidelity Union Life Insurance Company, 158 Tex.

433, 212 S.W.2d 492, our Supreme Court said:

"Article 2226 requires that a plaintiff must finally obtain judgment for any amount thereof (of the claim) as presented to the person or corporation before a reasonable attorney's fee can be recovered. While the attorney's fees are not part of the demand or claim, but are in the nature of a penalty, or punishment for failure to pay a just debt (Davenport v. Harry Payne Motors, Inc., Tex.Civ.App.1953, 256 S. W.2d 245, no writ history), and are not ordinarily recoverable in a tort or contract action (Cleveland State Bank v. Lilley, Tex.Civ.App.1924, 260 S.W. 324(2), no writ history), they may be recovered by compliance with the statutory provisions of Article 2226."

■ Appellant at the time it accepted payment of the check knew it had filed suit and had asked for attorney's fees, and yet it accepted the check in full payment of all amounts owing it by appellees. It will be charged with knowledge of the provisions and limitations in said Article 2226. If it wanted to collect attorney's fees from appellees it could have refused to accept the check unless attorney's fees were paid. If a satisfactory settlement could not be effected, it could have prosecuted its case to judgment and in such event if it recovered any part of the claim it could also have probably collected a reasonable attorney's fee.

■ Since our Supreme Court has held that attorney's fees are no part of the claim or demand and the claim in this case was paid in full by the check in the exact amount thereof which was accepted by appellant and cashed, the trial court properly concluded that there was nothing to contest and that appellant should not recover. Since no judgment was entered for any part of the claim, appellant under the clear language of Art. 2226, V.A.T.S.,

was not entitled to attorney's fees or costs. Furthermore, a suit for statutory attorney fees cannot be maintained as a separate cause of action. National Sur. Corp. v. Standard Concrete P. Sales Co., Tex.Civ. App., 366 S.W.2d 103. In the instant case there was no severance, as such, of the principal claim and the claim for attorney's fees, but upon settlement of the principal cause of action, nothing remained in the suit except the claim for attorney's fees which could not be maintained as a separate cause of action.

Rule 131, Texas Rules of Civil Procedure, provides: "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." In this case appellees were the successful parties since appellant recovered nothing. Appellant, however, contends that the payment made by appellees was subsequent to the filing of suit and therefore it is entitled to attorney's fees, especially since the failure of appellees to make timely payment necessitated the filing of suit. Appellant relies mainly upon Altgelt v. City of San Antonio, Tex.Civ.App. 1900, 55 S.W. 761, error ref., in which the court held that the payment by the defendant of taxes sued for after institution of the suit, was an admission that such taxes were due when the suit was brought, and that the City's right to recover costs of suit could not be defeated by payment of the taxes pending suit. In the Altgelt case the defendant paid the full amount of taxes sued for. There is nothing to show that anything other than taxes was sued for. In the instant case appellant sued not only for its principal claim but also for $300.00 attorney's fees. Appellees did not pay any attorney fees and appellant was unsuccessful in prosecuting its suit therefor. There was no admission by appellees that attorney's fees were due and there is nothing in the record to show that appellees knew at the time of payment that suit had been filed. It is our view under the circumstances of this case

that Rule 131, T.R.C.P., is applicable and that the trial court did not err or abuse its discretion in taxing court costs against appellant.

Judgment affirmed.