**Arthur J. LAMB, Appellant,**

**v.**

**Julia PAYNE et vir., Appellees.**

**No. 7628.**

Court of Civil Appeals of Texas.
Amarillo.

June 20, 1966.

Rehearing Denied Sept. 6, 1966.

Kenneth W. Gentry, Amarillo, for appellant.

Herbert C. Martin, Amarillo, for appellees.

NORTHCUTT, Justice.

This suit was brought by appellant, Arthur J. Lamb, against appellees, Julia Payne, joined pro forma by her husband, Oscar Payne, for collection of a sworn account in the amount of $175 and for $100 attorney's fees, interest and cost. Appellees filed motion for summary judgment and on hearing thereof the court found that the claim of $175 had been paid and rendered judgment that appellant take nothing. From that judgment appellant perfected this appeal.

Appellant presents this appeal upon two assignments of error. The first point contends the court erred in granting summary judgment for the appellees because a debtor cannot relieve himself of liability

for attorney's fees under Article 2226, Vernon's Ann.Tex.Civ.St., by tendering the amount of the original debt after an attorney had been retained, and suit had been filed by the creditor, in the absence of an agreement by the creditor to accept said amount in full settlement. By the second point it is contended the court erred in rendering summary judgment because the pleadings and affidavits show that there was a genuine issue of material fact as to whether the amount tendered was accepted by appellant in full settlement.

The appellant had drawn a will for Mrs. Julia Payne and had charged her a fee of $200 for his services. Mrs. Payne had paid $25 upon the fee charged. After appellant had made repeated demands for the payment of the balance of said fee in the sum of $175, and Mrs. Payne had failed to make payment, appellant placed the account in the hands of an attorney to file suit to collect the balance due. Suit was filed against Mrs. Payne and her husband to recover the $175 and for $100 attorney's fee. Before the case was tried Mr. and Mrs. Payne paid the appellant the $175.

We think the sole question here involved is whether appellant could recover the $100 attorney's fee under Article 2226, V.T.C.S., which reads as follows:

"Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured, or suits founded upon a sworn account or accounts, may present the same to such person or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty (30) days thereafter, the *claim* has not been paid or satisfied, *and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover,* in addition to his claim and costs, a reasonable amount as attorney's fees, if

represented by an attorney." (Emphases ours.)

The claim sued upon was the $175. The $100 was no part of the claim but is in the nature of a penalty or punishment for failure to pay a just debt. In order for appellant to recover attorney's fees he must finally obtain a judgment for at least a part of the $175 claim as presented to Mrs. Payne. Huff v. Fidelity Union Life Ins. Co., 158 Tex. 433, 312 S.W.2d 493.

Article 2226 provides that if he (appellant here) should finally obtain judgment for any amount thereof as presented for payment to such person (appellees here), he may also recover in addition to his claim and cost a reasonable amount as attorney's fees. The $175 was paid to appellant and he accepted that amount and was the exact amount of the claim. Thereafter there was nothing to collect other than the attorney's fees and no part of the claim could be recovered by a judgment because it had been paid. Appellant at the time he accepted the $175 knew he had filed suit and had asked for attorney's fees and was charged with knowledge of the provisions and limitations in Article 2226. If appellant could not have made a satisfactory settlement with appellees and wanted to collect attorney's fees, he should have refused to accept the $175 unless the attorney's fees were paid. National Homes Corporation v. C. J. Builders, Inc., Tex.Civ.App., 393 S.W.2d 949 (writ dism.).

In the Huff case, supra, the Supreme Court held that attorney's fees are no part of the demand or claim. Consequently, since the claim here was paid and no judgment could be entered for any part of the claim, appellant under the clear language of Article 2226 was not entitled to attorney's fees. The attorney could not recover judgment for attorney's fees without recovering judgment for a part of the original claim.

Judgment of the trial court is affirmed.