Duke, Branch & Schmidt, San Antonio, for appellant.

Michael T. LaHood, San Antonio, for appellee.

**Raymundo VILLARREAL, Appellant,**

v.

**John D. WENNERMARK, Appellee.**

No. 15524.

Court of Civil Appeals of Texas, San Antonio.

July 28, 1976.

CADENA, Justice.

Defendant, Raymundo Villarreal, appeals from a judgment awarding plaintiff, John D. Wennermark, the sum of $300.00 as attorney's fees in a suit in which plaintiff sought recovery, under Article 2226, Tex. Rev.Civ.Stat.Ann., for personal services rendered by him to defendant. The judgment awarded plaintiff no recovery on his claim for personal services because, after plaintiff filed this suit but before trial, defendant paid plaintiff in full the amount claimed by plaintiff for such services.

The relevant portions of Article 2226 are as follows:

> Any person having a valid claim against a person . . . for personal services rendered, . . . may present the same to such person . . . , and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or

satisfied, <u>and he should finally obtain judgment for any amount thereof</u> as presented for payment . . ., he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney. (Emphasis added.)

Defendant contends that, because of the portion of the statute which we have underscored, plaintiff, having failed to "finally obtain judgment for any portion of" his claim for personal services, is not entitled to recover any amount as attorney's fees.

In *Huff v. Fidelity Union Life Insurance Co.*, 158 Tex. 433, 312 S.W.2d 493 (1958), the Court, holding that a plaintiff's claim for attorney's fees was not barred so long as the claim for personal services was not barred, said (312 S.W.2d at 500–01):

Article 2226 requires that a plaintiff must finally obtain judgment for any amount thereof (of the claim) as presented . . . before a reasonable attorney's fee can be recovered. While the attorney's fees are not part of the demand or claim, but are in the nature of a penalty, or punishment for failure to pay a just debt . . ., and are not ordinarily recoverable in a tort or contract action . . ., they may be recovered by compliance with the statutory provisions . . . . That a suit for the statutory attorney's fees as a separate action could not be maintained is evident from the wording of the statute. Since the right to recover is dependent upon the recovery of a judgment on a claim, limitation against the recovery of these fees would follow the limitation on the claim.

Relying on this language, the Houston and Amarillo Courts of Civil Appeals have concluded that a debtor can escape liability for attorney's fees by paying the amount of the claim after the creditor has engaged an attorney and filed suit, so long as the debtor makes such payment prior to the rendition of final judgment in the case. *Lamb v. Payne*, 405 S.W.2d 871 (Tex.Civ.App.—Amarillo 1966, writ dism'd); *Gulf Coast Operators, Inc. v. Fleming Oil Co.*, 393 S.W.2d 954 (Tex.Civ.App.—Houston 1965, no writ); *National Homes Corporation v. C. J. Builders, Inc.*, 393 S.W.2d 949 (Tex.Civ.App.—Houston 1965, no writ).

In *National Homes* the Court said (393 S.W.2d at 951–52):

Appellant at the time it accepted payment . . . knew it had filed suit and had asked for attorney's fees, and yet it accepted the check in full payment of all amounts owing it by appellees. It will be charged with knowledge of the provisions and limitations in . . . Article 2226. If it wanted to collect attorney's fees from appellees it could have refused to accept the check unless attorney's fees were paid. If a satisfactory settlement could not be effected, it could have prosecuted its case to judgment and in such event if it recovered any part of the claim it could also have probably collected a reasonable attorney's fee.

Since our Supreme Court has held [in *Huff*] that attorney's fees are no part of the claim or demand and the claim in this case was paid in full . . ., the trial court properly concluded that there was nothing to contest and that appellant should not recover. Since no judgment was entered for any part of the claim, appellant under the clear language of Article 2226, . . . was not entitled to attorney's fees . . .. Furthermore, a suit for statutory attorney fees cannot be maintained as a separate cause of action. . . . In the instant case . . . upon settlement of the principal cause of action, nothing remained in the suit except the claim for attorney's fees which could not be maintained as a separate cause of action.

On the other hand, the Fort Worth Court of Civil Appeals has held that payment of the amount due after the creditor has filed suit but prior to judgment does not relieve the debtor of liability for attorney's fees. *Boaz Well Service, Inc. v. Carter*, 437 S.W.2d 38 (Tex.Civ.App.—Fort Worth 1969, no writ). This conclusion was reached without mentioning the contrary holdings by the Houston and Amarillo courts.

In *Boaz*, plaintiff sought to recover $973.04. On the day of the trial defendant filed amended pleadings admitting liability in the amount of $633.04, which he tendered into court, but denying liability for the additional $340.00 which plaintiff sought to recover. Following a jury verdict favorable to defendant, the trial court entered judgment that plaintiff take nothing. The appellate court remanded the case for proceedings to determine the amount of attorney's fees to be awarded plaintiff, saying (437 S.W.2d at 41):

> The plaintiff, represented by an attorney, finally as the result of his suit, collected approximately two-thirds of the amount of the claim presented for payment.
>
> Therefore, under Article 2226, the plaintiff is entitled, in addition to his claim and costs, a reasonable amount as attorney's fees.

In *Horizon Properties Corporation v. Martinez*, 513 S.W.2d 264, 266 (Tex.Civ.App. —El Paso 1974, writ ref'd n. r. e.), there is language indicating a belief that the amount, which defendant admits to be due and which he pays into court, is to be considered "a recovery for labor performed and materials furnished under the provisions of Art. 2226" so that plaintiff is entitled to recover attorney's fees in such a situation. However, in *Martinez* the plaintiff, who had sued for $7,579.00, obtained judgment for $203.17 over and above the amount which defendant admitted owing and tendered into court. Thus, plaintiff did "finally obtain judgment for" a part of his claim and, under the provisions of the statute, was entitled to recover attorney's fees.

The conclusion reached by the Fort Worth Court of Civil Appeals in *Boaz* can be supported only by reading out of the statute the language which, as our Supreme Court pointed out in *Huff*, "requires that a plaintiff must finally obtain judgment" for at least part of his claim "before a reasonable attorney's fee can be recovered." 312 S.W.2d at 500. It is true that in *Huff* the Supreme Court was not considering the problem which we here have before us, but the interpretation of the statutory language as requiring plaintiff to obtain judgment for some part of his claim as a condition precedent to an award of attorney's fees cannot be disregarded as a casual observation, since the Court clearly relied on it as a basis for its holding on the question of limitations.

The statutory language is unambiguous and precludes any inquiry into the reason why plaintiff failed to "finally obtain judgment for any amount of his claim." It can, of course, be argued persuasively that a recalcitrant debtor who forces his creditor to engage an attorney and file suit before he deigns to pay an admittedly just debt should be held responsible for the added expenditures which his unjustified failure to pay has made necessary. But the legislature has not been so generous to the creditor. The statutory language precludes inquiry as to the reason for plaintiff's failure to obtain judgment for at least a part of his claim, and there are no words in the statute eliminating the requirement of a judgment where the debtor admits that the plaintiff's claim is just and makes full payment prior to rendition of judgment.

The judgment of the trial court is reversed and judgment is here rendered that plaintiff take nothing.