John and Betty **GANO**, Appellants,

v.

**CITY OF HOUSTON**, County of Harris, and State of Texas, Appellees.

No. C14–91–00564–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 23, 1992.

Rehearing Denied Aug. 20, 1992.

John Gano, Houston, for appellants.

Leah Stolar, Joyce Langenegger, Larry W. Hays, Houston, for appellees.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a judgment awarding attorney's fees to the City of Houston, Harris County and the State of Texas in a suit to collect delinquent ad valorem property taxes.

In November of 1988 the City of Houston filed this suit against appellants, John and Betty Gano, to collect delinquent taxes. The State of Texas and Harris County intervened .in December of 1988 to collect delinquent taxes owed to those taxing units and all political subdivisions whose taxes are collected by the Assessor and Collector of Taxes for Harris County.

Shortly before trial of the case, appellants paid all taxes, penalties, interest and costs due to the taxing units except for attorney's fees.

Points of error two and three present the principal question to be decided on this appeal: Can the taxing units recover attorney's fees under the Property Tax Code § 33.48 where the delinquent taxpayer pays all taxes, penalties, interest and all other costs long after the suit has been filed but shortly before trial of the case on the merits? We hold that the taxing units cannot recover attorney's fees under such circumstances.

This case was called to trial on May 8, 1991. Appellants contended then and contend now that because of the wording of the Property Tax Code § 33.48 appellants as a matter of law are not liable for any attorney's fees.

Section 33.48 provides that a taxing unit may recover in a suit to collect delinquent taxes:

> (4) attorney's fees approved by the court and not exceeding 15 percent of the total amount of taxes, penalties, and interest *adjudged due the unit.*

Appellants argued that since they had paid all taxes, penalties and interest before trial, no amount thereof were, or could be, *adjudged due the unit* as the statute specifies.

We have found no cases dealing with the principal question to be decided on this appeal. However, there are analogous cases arising under former Article 2226, TEX.REV.CIV.STAT.ANN., the relevant portions of which are as follows:

> Any person having a valid claim against a person ... for personal services rendered, ... may present the same to such person ..., and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, *and he should finally obtain judgment for any amount thereof* as presented for payment ... he may also recover in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney. (Emphasis added).

In *Villarreal v. Wennermark*, 540 S.W.2d 528 (Tex.Civ.App.—San Antonio 1976, no writ), *Villarreal* appealed from a judgment awarding *Wennermark* $300 as attorney's fees in a suit in which *Wennermark* sought recovery for personal services rendered to *Villarreal.* The judgment in the trial court awarded *Wennermark* no recovery on his claim for personal services because, after *Wennermark* filed suit but before trial, *Villarreal* paid *Wennermark* in full the amount claimed for such services. On appeal the San Antonio Court of Civil Appeals reversed the judgment awarding attorney's fees and rendered judgment in favor *Villarreal.* The court held that under the clear language of Article 2226 *Wennermark* was not entitled to attorney's fees because no judgment was obtained by *Wennermark* for any part of *Wennermark's* claim for personal services. The concluding paragraph of the opinion in *Villarreal v. Wennermark* follows:

> The statutory language is unambiguous and precludes any inquiry into the reason why plaintiff failed to "finally obtain judgment for any amount of his claim." It can, of course, be argued persuasively that a recalcitrant debtor who forces his creditor to engage an attorney and file suit before he deigns to pay an admittedly just debt should be held responsible for the added expenditures which his unjustified failure to pay has made necessary. But the legislature has not been

so generous to the creditor. The statutory language precludes inquiry as to the reason for plaintiff's failure to obtain judgment for at least a part of his claim, and there are no words in the statute eliminating the requirement of a judgment where the debtor admits that the plaintiff's claim is just and makes full payment prior to rendition of judgment.

For other cases in accord with *Villarreal v. Wennermark,* see *Lamb v. Payne,* 405 S.W.2d 871 (Tex.Civ.App.—Amarillo 1966, writ dism'd); *Gulf Coast Operators, Inc. v. Fleming Oil Company, Inc.,* 393 S.W.2d 954 (Tex.Civ.App.—Houston 1965, no writ); *National Homes Corporation v. C.J. Builders, Inc.,* 393 S.W.2d 949 (Tex.Civ.App.—Houston 1965, writ dism'd); *Johnson–Walker Moving & Storage, Inc. v. Lane Container Company,* 548 S.W.2d 500 (Tex.Civ.App.—Eastland 1977, writ ref'd n.r.e.).

Under former Article 2226 a reasonable attorney's fee was recoverable if a person having a valid claim for personal services "should finally obtain judgment" for any amount of his claim. Section 33.48 of the Property Tax Code provides for recovery by a taxing unit of a reasonable attorney's fee not exceeding 15 percent "of the total amount of taxes, penalties and interest adjudged due the unit."

There is no substantive difference in the two statutes in respect of the question to be decided in the instant case.

We hold that because appellants paid in full prior to trial all taxes, penalties and interest owed to the appellees, as a matter of law appellees were not entitled to recover any attorney's fees from appellants.

Appellees argue that appellants' reliance on cases under Article 2226 is misplaced because that statute was a general debt statute and not part of the Property Tax Code. They also print out that the language of Article 2226 has subsequently been changed. We find this argument by appellees to be without merit. The wording of the two statutes, not their location in the statute books, is what makes them analogous on the issue in this case. The fact that Article 2226 has been repealed and replaced by Texas Civil Practice and Remedies Code §§ 38.001—38.006 is of no significance. It is true that sections 38.001—38.006 do not require entry of a judgment as a prerequisite to recovery of attorney's fees in a suit to recover for personal services, but that merely emphasizes the fact that the legislature was the appropriate place for changes to be made in former Article 2226. Likewise, the legislature is the appropriate body to make any desired changes in Section 33.48 of the Property Tax Code.

For the reasons and under the authorities discussed hereinabove, appellants second and third points of error are sustained. In view of our decision on points two and three, it is unnecessary to discuss the other points of error raised by appellants.

The judgment of the trial court is reversed and rendered in favor of appellants.