ACCEPTED
13-14-00727-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/30/2015 4:01:07 PM
DORIAN RAMIREZ
CLERK

**NO. 13-14-00727-CV**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
3/30/2015 4:01:07 PM
DORIAN E. RAMIREZ
Clerk

# IN THE COURT OF APPEALS FOR THE
# THIRTEENTH JUDICIAL DISTRICT OF TEXAS

## GLORIA GARCIA

*Appellant*,

**v.**

## GENESIS CRUDE OIL, L.P.,

*Appellee*.

Appeal from the 229th Judicial District Court
Duval County, Texas
Hon. Martin J. Chiuminatto, Presiding Judge

## APPELLEE'S BRIEF

Everard A. Marseglia, Jr.
State Bar No. 13014400
James T. Kittrell
State Bar No. 24078795
Liskow & Lewis
1001 Fannin Street, Suite 1800
Houston, Texas 77002-6756
(713) 651-2900 (Telephone)
(713) 651-2908 (Facsimile)
Email: emarseglia@liskow.com
Email: jkittrell@liskow.com
**ATTORNEYS FOR APPELLEE**

*Oral Argument Requested*

## IDENTITY OF PARTIES AND COUNSEL

**Counsel for Appellant Gloria Garcia:**

Andrew M. Greenwell
State Bar No. 00784170
Harris & Greenwell
One Shoreline Plaza
800 North Shoreline Blvd., Suite 2800-S
Corpus Christi, Texas 78401
(361) 883-1946 (Telephone)
(361) 882-2900 (Facsimile)
Email:  agreenwell@harris-greenwell.com

James R. Harris
State Bar No. 09066000
Harris & Greenwell-Of Counsel
The Six Hundred Building
600 Leopard Street, Suite 924
Corpus Christi, Texas 78401
(361) 929-5362 (Telephone)
(361) 462-4580 (Facsimile)
Email:  jharris@harris-greenwell.com

**Counsel for Appellee Genesis Crude Oil, L.P.:**

Everard A. Marseglia, Jr.
State Bar No. 13014400
James T. Kittrell
State Bar No. 24078795
Liskow & Lewis
1001 Fannin Street, Suite 1800
Houston, Texas  77002-6756
(713) 651-2900 (Telephone)
(713) 651-2908 (Facsimile)
Email: emarseglia@liskow.com
Email: jkittrell@liskow.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................ ii

TABLE OF CONTENTS ................................................................................... iii

INDEX OF AUTHORITIES ................................................................................ v

STATEMENT OF THE CASE ............................................................................. 1

STATEMENT REGARDING ORAL ARGUMENT ............................................. 3

STATEMENT OF FACTS ................................................................................... 4

SUMMARY OF THE ARGUMENT ................................................................... 6

STANDARD OF REVIEW ................................................................................. 6

ARGUMENT ...................................................................................................... 6

    A.    The Real Dispute in This Case ................................................... 6

    B.    The Summary Judgment Is Supported by the Plain
        Language of Section 406 ............................................................ 7

        1.    The Plain Meaning of "Final Judgment In Favor
            Of The Plaintiff" Requires an Award of Proceeds
            or Interest ...................................................................... 8

        2.    No Authority For Garcia's Attorney's Fees Under
            Section 406 .................................................................... 9

    C.    Appellant Would Have This Court Rewrite the Resources
        Code ......................................................................................... 10

        1.    Appellant Ignores the Phrase "Final Judgment in
            Favor of the Plaintiff" .................................................. 11

    D.    The Summary Judgment Is Consistent With Texas Policy
        Against Litigating Only for Attorney's Fees ........................... 12

E.     The Trial Court Did Not Determine The Meaning of Any Legislative History ..................................................................13

F.     Summary Judgment Was Correct On Garcia's Requests for Declaratory Relief Because There Was No Live Controversy to Decide..................................................................14

     1.     No Live Controversy.................................................................14

     2.     Garcia's Requests for Declarations on the "Essential Elements" of a Resources Code Claim Are Duplicative ........................................................................16

     3.     No Controversy Over "Future Rights" to a "Binding Division Order" ...........................................................17

G.     The Trial Court Did No Injustice In Its Final Summary Judgment, and Neither Will This Court In Affirming It .....................18

H.     Rendition Would Be Improper On This Record .................................19

CONCLUSION AND PRAYER ........................................................................20

CERTIFICATE OF SERVICE .........................................................................22

CERTIFICATE OF COMPLIANCE................................................................22

# INDEX OF AUTHORITIES

**Cases**

*Blizzard v. Nationwide Mut. Fire Ins. Co.*, 756 S.W.2d 801 (Tex. App.—Dallas 1988, no writ). ..................................................................................................12

*Bonham State Bank v. Beadle*, 907 S.W.2d 465 (Tex. 1995). ................................15

*Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433 (Tex. 2009). .....................13

*Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620 (Tex. 2011). .......................... 15, 18

*Fire Ins. Exch. v. Sullivan*, 192 S.W.3d 99 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). ..............................................................................................12

*Haden v. David J. Sacks, P.C.*, 332 S.W.3d  503 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). ..............................................................................................20

*Hamra v. Gulden*, 898 S.W.2d 16 (Tex. App.—Dallas 1995, writ dism'd w.o.j.). ............................................................................................................13

*Headington Oil Co. v. White*, 287 S.W.3d 204 (Tex. App.—Houston [14th Dist.] 2009, no pet.).....................................................................................................9

*Holland v. EOG Res., Inc.*, No.10-09-00153-CV, 2010 Tex. App. LEXIS 2102 (Tex. App.—Waco Mar. 24, 2010, no pet.).....................................................9, 16

*In re Estate of Nash*, 220 S.W.3d 914 (Tex. 2007). ...............................................13

*Koch Oil Co. v. Wilber*, 895 S.W.2d 854 (Tex. App.—Beaumont 1995, no writ). ..............................................................................................................17

*MBM Fin. Corp. v. Woodlands Operating Co.*, L.P., 292 S.W.3d 660 (Tex. 2009). ..................................................................................................................12

*Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244 (Tex. 2013). ...............................20

*Migl v. Dominion Okla. Tex. Exploration & Prod., Inc.*, No. 13-05-589-CV, 2007 Tex. App. LEXIS 1179 (Tex. App.—Corpus Christi, Feb. 15, 2007, no pet.)......9

*Nall v. Plunkett*, 404 S.W.3d 552 (Tex. 2013). ......................................................20

*Ohrt v. Union Gas Corp.*, 398 S.W.3d 315 (Tex. App.—Corpus Christi 2012, pet. denied) ................................................................................................8, 9

*Phillips v. Bramlett*, 288 S.W.3d 876 (Tex. 2009). ................................................11

*Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211 (Tex. 2003). .............6

*Tex. A&M Univ.-Kingsville v. Yarbrough*, 347 S.W.3d 289 (Tex. 2011). ....... 15, 16

*Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993). ..................................................................................................... 16, 19

*Texas Dep't of Public Safety v. Butler*, 960 S.W.2d 375 (Tex. App.—Houston [14th Dist.] 1998, no pet.). ..............................................................................11

*Villarreal v. Wennermark*, 540 S.W.2d 528 (Tex. App.—San Antonio 1976, no writ). .................................................................................................................19

*Williams v. Lara*, 52 S.W.3d 171 (Tex. 2001).........................................................16

**Statutes**

Tex. Nat. Res. Code § 91.404(c)..............................................................................6

Tex. Nat. Res. Code § 91.406. .................................................................................7

## STATEMENT OF THE CASE

During the first eleven months that Appellant Gloria Garcia, an oil and gas lessor, was suing her lessee (who is not involved in this appeal) for unpaid royalties, interest and attorney's fees, she never claimed the royalties, interest or attorney's fees were owed by Appellee Genesis Crude Oil, L.P., her lessee's first purchaser. It was not until seven months *after* Genesis voluntarily paid Garcia all of the royalties she was claiming from her lessee that she then sued Genesis for interest, plus attorney's fees under the Texas Natural Resources Code ("Resources Code"). After receiving all of the claimed interest from Genesis ($585.47) within three weeks of filing suit, and after settling all claims against her lessee, Garcia attempted to breathe life into her attorney's fees claim, under a tortured reading of the Resources Code, by claiming that Genesis nevertheless owed her $200 as a "Minimum Award" as well as attorney's fees, because she was "forced to file suit" under Section 91.406 of the Resources Code.

The trial court rejected that argument, and granted summary judgment for Genesis, putting an end to this lawsuit.

Garcia appealed, asking this Court to reverse the district court and render judgment on her claim for $200 and $51,786.50 in attorney's fees accrued through July 23, 2014, with a remand for a trial on the amount of Garcia's fees incurred thereafter.

-1-

In granting summary judgment, the trial court necessarily rejected Garcia's novel argument—now raised for this Court—that the Resources Code *requires* an award of $200 and reasonable attorney's fees in every suit for royalties or interest, even where the lessor is not awarded any royalties or interest in a final judgment.

The trial court properly granted summary judgment against Garcia on her claim for the "Minimum Award" of $200 and accompanying attorney's fees. Accordingly, Garcia's arguments in this Court fail, and the trial court's judgment for Genesis should be affirmed.

## STATEMENT REGARDING ORAL ARGUMENT

This is a straightforward case in which Genesis does not see the need for oral argument: the facts are not complicated; the impact of this case is limited to the parties; and the trial court did not declare the meaning of any of the statutes that Appellant now asks this Court to construe as a matter of law. However, if the Court grants oral argument to Garcia, Genesis requests the opportunity to participate. For this reason, Genesis has requested oral argument.

TO THE HONORABLE COURT OF APPEALS:

Notwithstanding Garcia's having presented to this Court five issues for resolution, her briefing confirms that her appeal of the judgment in favor of Genesis is fairly narrow:

- Four of Appellant's issues challenge the summary judgment on what Garcia characterizes as what the trial court determined as a matter of law. *Appellant's Brief at xiii.*

- Appellant's fifth issue vaguely challenges her "right to proceed to trial" on matters that were no longer in issue in the lawsuit.

It remains, however, that the trial court did not specify the grounds for the summary judgment, and Garcia's briefing fails to raise any material fact issues that precluded a final summary judgment for Genesis. Moreover, Garcia has failed to demonstrate any reason why this Court should make any declarations of what the Resources Code means, much less that it guarantees every oil and gas lessor a "Minimum Award" of $200 and attorney's fees where no royalties or interest are recovered at trial. Accordingly, Garcia's arguments fail, and the trial court's judgment should be affirmed.

## STATEMENT OF FACTS

Genesis does not join in Appellant's Statement of Facts. However, as this Court can resolve this case strictly on the legal issues, and to avoid repetition and conserve the Court's time, Genesis will state here only the undisputed facts, all of

-4-

which support Genesis' position, and which fully support this Court's affirmation

of the trial court's grant of summary judgment below:

- Garcia received and signed two valid Division Orders dated October 10, 2013, for her royalty interests that remain in effect today. (CR 174-175, 289-290).

- On November 1, 2013, while Garcia was pursuing her royalty and other (unrelated) claims against her oil and gas lessee, Genesis issued Garcia a check for $28,956.71, the full amount of the royalties she had been claiming from her lessee. (CR 180-182).

- On June 4, 2014, Garcia amended her lawsuit against the lessee to add Genesis as a defendant on the statutory interest claim under the Resources Code. (CR 51-60).

- Beginning June 4, 2014, Garcia pursued her claims for interest and attorney's fees against both Genesis and her lessee.

- As of the date Garcia sued Genesis, she was claiming $100,531.35 in attorney's fees, accrued through January 31, 2014 and still mounting. (CR 179).

- Thereafter, on June 25, 2014 (less than 3 weeks after being sued by Garcia), Genesis issued Garcia a check for $585.47, the full amount of her interest claim. (CR 179, 187-91).

- In July 2014, Garcia and her lessee settled all claims between them, and she continued to claim that Genesis owed statutory attorney's fees and a "Minimum Award" of $200. (CR 272).

- Garcia admits that she has no claim against Genesis for royalties or interest. (CR 289-290) (Supp. CR 17-18).

- On November 3, 2014, the trial court granted a Final Summary Judgment and entered a take-nothing judgment against Garcia on all claims against Genesis. (CR 296-97).

## SUMMARY OF THE ARGUMENT

The trial court properly granted summary judgment against Garcia's claim for attorney's fees. The summary judgment disposed of Garcia's claim for both $200, couched by Appellant as a "Minimum Award" of "monetary damages" that must be awarded in every Resources Code case, and attorney's fees.

In accordance with the plain meaning of Section 406 of the Resources Code, the legislative history and the Supreme Court of Texas' prohibition on the maintenance of lawsuits "solely to recover attorney's fees," the take-nothing judgment against Garcia should be affirmed.

## STANDARD OF REVIEW

The Court reviews the grant of summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Because the trial court's order does not specify the grounds for its summary judgment, this Court should affirm if summary judgment would have been appropriate on any ground urged by Appellee in the trial court. *Id*. at 216.

## ARGUMENT

### A.    The Real Dispute in This Case

Garcia's claim against Genesis for interest was based on the only cause of action set forth in the Resources Code, under which a "payee" may bring suit for the "nonpayment of oil or gas proceeds or interest on those proceeds." TEX. NAT. RES. CODE § 91.404(c). Genesis does not dispute that Garcia is a "payee" for

-6-

purposes of Section 404, and Garcia does not dispute that as of June 25, 2014, she had received all of the proceeds and interest she ever claimed against Genesis. (CR 179, 195, 289-90) (Supp. CR 17-18). That is not what this case is about.

Instead, Garcia claims that she is entitled to what she labels a "Minimum Award," plus attorney's fees, under Section 406 of the Resources Code simply for filing suit. Nothing in the Resources Code, nothing in Texas law, and nothing in Appellant's briefing establishes that to be correct.

**B.     The Summary Judgment Is Supported by the Plain Language of Section 406**

This Court needs only to apply the express language of Section 406 in order to deny the appeal and affirm the summary judgment. Section 406 reads in plain, straightforward language:

> If a suit is filed to collect proceeds and interest under this subchapter, the court shall include in any final judgment in favor of the plaintiff an award of:
>
>> (1) reasonable attorney's fees; and
>>
>> (2) if the actual damages to the plaintiff are less than $200, an additional amount so that the total amount of damages equals $200.

TEX. NAT. RES. CODE § 91.406. The determinative question is whether the phrase "in any final judgment in favor of the plaintiff" means what it says, as Genesis argues, or whether this Court should declare its meaning to be that argued by Garcia. The two constructions argued by the parties are:

- By Genesis:

  Section 406 provides for an award of attorney's fees (and the "Minimum Award") *only* when the plaintiff receives a final judgment from a court of competent jurisdiction for some amount of proceeds and/or interest.

- By Garcia:

  Section 406 *guarantees* a plaintiff his/her reasonable attorney's fees and a "Minimum Award" of $200.00 if they file suit after providing notice, and some amount of proceeds and/or interest are outstanding at the time of suit, regardless of whether the plaintiff recovers any proceeds or interest at trial.

Genesis construction is supported by the plain language of the statute, relevant Texas authorities and Texas' policy regarding attorneys fees. There is no support in any of those for Garcia's construction.

**1. The Plain Meaning of "Final Judgment In Favor Of The Plaintiff" Requires an Award of Proceeds or Interest**

This Court has held that actual damages (meaning some proceeds or interest) must be awarded for a judgment to be considered "favorable" under Section 406:

> In this case, judgment was not rendered in favor of appellants. Accordingly, appellants were not entitled to recover attorney's fees under this statute. Because appellants did not prevail on any cause of action for which attorney's fees are recoverable *and did not recover damages*, they are not entitled to recover attorney's fees.

*Ohrt v. Union Gas Corp.*, 398 S.W.3d 315, 333 (Tex. App.—Corpus Christi 2012, pet. denied) (emphasis added). Texas courts construe the plain meaning of a "final judgment in favor of the plaintiff" as follows:

> Applying the plain meaning of the word "favorable," we consider any judgment "favorable" to the plaintiff when he obtains a measure of relief which leaves him in a better position than he held before filing suit.

*Headington Oil Co. v. White*, 287 S.W.3d 204, 216 (Tex. App.—Houston [14th Dist.] 2009, no pet.).[1/] This court and others do not award attorney's fees absent a final judgment awarding some proceeds or interest. *See Ohrt v. Union Gas Corp.*, 398 S.W.3d at 333.[2/] Garcia cites no contrary Texas authority.

## 2. No Authority For Garcia's Attorney's Fees Under Section 406

It is undisputed that Garcia cannot recover proceeds or interest she has already been paid. (CR 179, 185, 195, 289-290) (Supp. CR 17-18). Because Genesis had satisfied Garcia's entire claim for proceeds and interest, there could not be the "final judgment in favor of the plaintiff," the necessary predicate to attorney's fees under Section 406. Because there was not, and could not be any such final judgment, the trial court's grant of summary judgment is consistent with the plain meaning of Section 406 and should be affirmed.

---

[1/] In *Ohrt*, this Court relied on *Headington Oil Co. v. White*, 287 S.W.3d 204, 216 (Tex. App.—Houston [14th Dist.] 2009, no pet) (plaintiff must obtain some measure of relief), a bright-line rationale that has been consistently followed by numerous Texas courts of appeal.

[2/] *See also Holland v. EOG Res., Inc.*, No.10-09-00153-CV, 2010 Tex. App. LEXIS 2102, at *7 (Tex. App.—Waco Mar. 24, 2010, no pet.) (rejecting attorney's fees as "there were no unpaid royalties for which the trial court could award fees or damages"); *Migl v. Dominion Okla. Tex. Exploration & Prod., Inc.*, No. 13-05-589-CV, 2007 Tex. App. LEXIS 1179, at *10-11 (Tex. App.—Corpus Christi, Feb. 15, 2007, no pet.) (rejecting attorney's fees as plaintiffs did not prevail on breach of contract claim or recover Resources Code damages under the Resources Code).

## C.    Appellant Would Have This Court Rewrite the Resources Code

Faced with the plain-language requirements for attorney's fees under Section 406, Appellant would have this Court declare that Section 406 guarantees every oil and gas lessor:  (a) $200 as a "Minimum Award"; and (b) reasonable attorney's fees if some amount of interest may be owed when suit is filed, even though at trial there will be no claim for either unpaid royalties or interest.  In order to reach that result, this Court would have to read into Section 406 words that the legislature did not put there.

As Genesis argued below, Appellant would have this Court ignore the language shown in strikethrough and to supply the additional language shown as bracketed:

> If a suit is filed to collect ~~proceeds and~~ interest under this subchapter, the court shall ~~include in any final judgment in favor of~~ **[award]** the plaintiff ~~an award of~~:
>
>> (1) reasonable attorney's fees; and
>>
>> (2) ~~if the actual damages to the plaintiff are less than $200, an additional amount so that the total amount of damages equals $200.~~

In other words, she would have this Court construe Section 406 to read that whenever a suit is filed to collect statutory interest, the court "shall award the plaintiff the sum of $200 and  reasonable attorney's fees."  But that construction would improperly add to and subtract from the statutory language, *Texas Dep't of Public Safety v. Butler*, 960 S.W.2d 375, 377 (Tex. App.—Houston [14th Dist.]

-10-

1998, no pet.), and would fail to "give effect to all the words of a statute, treating none of its language as surplusage when reasonably possible," *Phillips v. Bramlett*, 288 S.W.3d 876, 880 (Tex. 2009).

### 1. Appellant Ignores the Phrase "Final Judgment in Favor of the Plaintiff"

Searching for *any* support in Section 406, Garcia argues that: (1) a judgment is "favorable" if a plaintiff can establish the "essential elements of a cause of action" under Section 404; and (2) that the "Minimum Award" of $200 satisfies the "measure of relief" test. Neither argument is persuasive. To accept the first argument, and to construe Section 404 in that way, absent an award of proceeds or interest, would constitute an impermissible advisory opinion.[3/]

Similarly, a "Minimum Award" of $200 could not constitute the "measure of relief" that triggers attorney's fees under Section 406, because the phrase "final judgment in favor of the plaintiff" is a pre-requisite to the "Minimum Award." Substituting an award of $200, which would be totally unrelated to any amount claimed as royalty or interest in order solely to justify awarding attorney's fees would replace the statutory language with a circular tautology.

Finally, Appellant's "analogy" to a different cause of action under Chapter 12 of the Civil Practice and Remedies Code, attempting to point out other Texas statues that award attorney's fees without proof of damages is beside the point.

---

[3/] *See infra* at p. 15-17.

That the legislature may choose—in a different statute—to provide for attorney's fees without proof of damages has no bearing on its *explicit requirement* of a "final judgment in favor of the plaintiff" in Section 406.

**D.   The Summary Judgment Is Consistent With Texas Policy Against Litigating Only for Attorney's Fees**

The Supreme Court of Texas has expressly prohibited the maintenance of lawsuits solely for attorney's fees: "[s]uits cannot be maintained solely for the attorney's fees; a client must gain something before attorney's fees can be awarded." *MBM Fin. Corp. v. Woodlands Operating Co*., L.P., 292 S.W.3d 660, 663 (Tex. 2009) (emphasis added).

Texas courts have heeded that admonition, routinely denying attorney's fees where all of the claimed damages were paid prior to trial. Specifically, the Dallas Court of Appeals has said:

> It is one thing to allow a party an award of attorney fees on a successful claim notwithstanding an opposing party's success on an offsetting claim. *It is quite another to allow attorney fees on a claim which, although successful, was paid in full before trial. Blizzard was not awarded any recovery on her claim [the defendant] had already paid Blizzard all the damages she was able to prove.*

*Blizzard v. Nationwide Mut. Fire Ins. Co*., 756 S.W.2d 801, 806-07 (Tex. App.— Dallas 1988, no writ) (emphasis added).[4]

---

[4]   Many other courts of appeals, too numerous to include here, have followed: *see, e.g,*, *Fire Ins. Exch. v. Sullivan*, 192 S.W.3d 99, 109-10 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (because insurance company tendered amount exceeding plaintiffs' damages prior to trial, no attorney's fees could be awarded under the DTPA or Chapter 38); *Hamra v. Gulden*, 898

**E. The Trial Court Did Not Determine The Meaning of Any Legislative History**

Although the trial court made no findings concerning legislative history, and it did not opine on the possible role legislative history may have played in its judgment, Appellant nevertheless (1) devotes eight pages to Section 406's legislative history (Appellant's Brief at 16-24) and (2) based on that legislative history, argues that the sole purpose and legislative intent of Section 406 was to add an "additional *incentive* for the Payor to make *timely* payments." (Appellant's Brief at 14) (emphasis in original). In addition to the fact that the trial court made no such determination, that argument fails for at least two reasons.

First, as the Court has made clear, the language the legislature actually used in the statute has priority over what may be contained in the legislative history. *In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007) ("primary objective is to determine the Legislature's intent which, when possible, we discern from the plain meaning of the words chosen"); *see also Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 442-43 (Tex. 2009) (no reason to look to statute's legislative history when plain language is unambiguous).

Second, Appellant's lengthy discussion of legislative history fails to mention that portion which contradicts her position:

---

S.W.2d 16, 19-20 (Tex. App.—Dallas 1995, writ dism'd w.o.j.) (denying claim for attorney's fees under DTPA when pre-trial settlement with other defendant exceeded jury award of actual damages).

> H.B. 2363 amends Subchapter K, Chapter 91 of the Natural Resources Code by adding Section 91.406, providing that if a suit is filed to collect proceeds and interest from the sale of oil and gas production, the court shall include reasonable attorney's fees and a Minimum Award of $200 *in any final judgment in favor of the plaintiff.*

(CR 238) (emphasis added). Accordingly, there was no need for the trial court to examine the legislative history of Section 406; there is no evidence that the trial court did so; and those portions of the legislative history Appellant has chosen to supply provide no basis for reversal of the summary judgment.

## F. Summary Judgment Was Correct On Garcia's Requests for Declaratory Relief Because There Was No Live Controversy to Decide

Appellant argues that she was entitled to proceed to trial on her declaratory judgment claims, because there was a "live controversy" over her ability to prove the "essential elements" of her Resources Code claim. (Appellant's Brief 31-5). But summary judgment was proper on Appellant's requests for declaratory relief for three reasons: (1) there existed no live controversy over tangible interests; (2) the "essential elements" declarations were impermissibly duplicative of Garcia's Resources Code claim; and (3) there was no controversy over Appellant's "future rights."

## 1. No Live Controversy

"A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467

(Tex. 1995).  "To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute."  *Id*. (emphasis added).  "[D]eclaratory relief is not warranted unless the claim presents a 'substantial controversy' of 'immediacy and reality.'"  *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011) (quoting *Tex. A&M Univ.-Kingsville v. Yarbrough*, 347 S.W.3d 289, 291 (Tex. 2011)).  Appellant asserts she:

> was involved in an actual ongoing controversy to determine whether or not she was able to prove the essential elements of the statutory Resources Code cause of action, and if so, was she entitled to the Minimum Award and recovery of her reasonable attorney's fees that had been incurred in trying to collect her oil and gas proceeds and interest since 2011.

(Appellant's Brief 31-32).  Even if that assertion were true, which it is not, it would still have been proper for the trial court to grant summary judgment, because mere assertions about the legality of past conduct, when divorced from tangible interests (*i.e.*, proceeds and interest), do not present a live controversy.  *See Etan Indus., Inc.*, 359 S.W.3d at 624; *see also Tex. A&M Univ.-Kingsville,* 347 S.W. at 291.

Moreover, no actual controversy existed.  It is undisputed that Garcia:  (1) received a current division order in October 2013 (CR 174-75); (2) has been paid all of her past due proceeds and interest (CR 179) (Supp. CR 17-18); and (3) continues to receive timely proceeds under her lease.  (CR 179, 185, 195, 289-90).

-15-

A plaintiff has no standing to sue for past-conduct presenting no actual controversy over tangible interests. "For a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings, including the appeal." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). Without the possibility of any proceeds or interests being awarded, there is no live controversy involved in a claim for non-payment of proceeds under the Resources Code and the case is moot. *See Holland*, 2010 Tex. App. LEXIS 2102 at \*7. (quoting *Williams*, 52 S.W.3d at 184).

As a result, a judgment on the "essential elements" as requested by Appellant would amount to no more than an advisory opinion. *See Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993).

Summary judgment was not improper because there is no ongoing controversy that involves Appellant's *tangible interests*.[5/]

## 2. Garcia's Requests for Declarations on the "Essential Elements" of a Resources Code Claim Are Duplicative

Garcia's claim for proceeds and interest was satisfied by Genesis' full payments of the amount she claimed, and she is not permitted to recast those claims as a request for declaration of her rights and status under the Resources Code:

_____

[5/] *See also Tex. A&M Univ.-Kingsville,* 347 S.W. at 291 (summary judgment proper as claim that university's grievance procedure was unlawful did not present a "live controversy" after grant of tenure mooted dispute).

. . . [A]ppellants allege that the trial court erred by concluding that appellees were entitled to declarations of Tesoro's and Koch's status under the Declaratory Judgment Act. Appellees in their eighth amended original petition requested the trial court enter a declaratory judgment establishing the rights of the appellees after lease termination and further establishing that Tesoro and Koch were "first purchasers" of production and/or "payors" obligated to pay production proceeds directly to the appellees. *These issues of the appellants being first purchasers and/or payors were central to the appellees' case-in-chief before the court, therefore, seeking declaratory relief was improper.*

*Koch Oil Co. v. Wilber*, 895 S.W.2d 854, 866 (Tex. App.—Beaumont 1995, no writ) (emphasis added). All of Appellant's claims for declaratory relief relate either to elements of her claims under the Resources Code (letters a-g, i-j in the Fourth Amended Petition) or a request for judgment and fees under the UDJA (letters h and k). (CR 72-73).[6/] Requests (a-g, i and j) in Garcia's Fourth Amended Petition (CR 72), were also central to her satisfied claim under Section 404.

**3.     No Controversy Over "Future Rights" to a "Binding Division Order"**

Appellant's only other claim of a "live controversy" stems from her request for a declaration that: "Genesis. . . had and has a continuing duty to tender and maintain a binding division order reflecting the ownership interests of Gloria Garcia in the. . . Lease. . . as long as Genesis remains the payor under the lease." (CR 72). As discussed above, there is no controversy over Genesis' conduct prior

---

[6/]     Appellant concedes that "the identity of a proper 'payor' and 'payee'. . . are the factual elements to be determined under the case-in-chief." (CR 215-16).

-17-

to the time it tendered the proceeds and interest, because no tangible interests are at stake.

Similarly, it is undisputed that Garcia received and signed two division orders, and that those division orders remain in effect. (CR 174-75). Regardless of whether Genesis' tenders of royalty and interest may have been without waiver of Genesis' rights, there was no "actual controversy" because Garcia received and continues to hold valid and subsisting division orders for her royalty interest. Even if there had been a dispute about the efficacy of any division orders, which there was not, no declaration is needed to "avoid the necessity of future litigation," (Appellant's Brief at 35), as the Court has explicitly rejected the argument that a mooted dispute could present a "live controversy" in the future simply because there was a dispute in the past. *See Etan Indus*., *Inc.*, 359 S.W.3d at 624.

## G. The Trial Court Did No Injustice In Its Final Summary Judgment, and Neither Will This Court In Affirming It

Garcia argues that applying Section 406 as written would be "unfair," because a payor could avoid the incentive to pay royalties timely "by merely waiting until the eve of trial to tender the final payment due." (Appellant's Brief at 22-3). That is, of course, not this case—Garcia received *all* royalties claimed *before* she sued Genesis and *all* claimed interest within three weeks of doing so— so no injustice was done here. Instead, Garcia appeals to this Court's sense of justice and fairness to protect against possible future injustices to other lessors.

-18-

But that plea merely asks for an advisory opinion, which this Court may not render. *See Texas Ass'n of Business*, 852 S.W.2d at 444.

Moreover, this Court need look no further than the language of the Resources Code itself for the many explicit disincentives to late payment that need not be written into Section 406, because the legislature specifically provided for them:

- accrual of statutory interest (Section 403);

- a private cause of action (Section 404(c)).

Finally, the San Antonio Court of Appeals rejected the very same argument Appellant makes here based on a plain reading of the very same "final judgment" language, finding a similar statute unambiguous:

> The statutory language precludes inquiry as to the reason for plaintiff's failure to obtain judgment for at least a part of his claim, and *there are no words in the statute eliminating the requirement of a judgment where the debtor admits that the plaintiff's claim is just and makes full payment prior to rendition of judgment.*

*Villarreal v. Wennermark*, 540 S.W.2d 528, 530 (Tex. App.—San Antonio 1976, no writ) (emphasis added).

## H. Rendition Would Be Improper On This Record

Without argument or authority, Appellant asks this Court to reverse and render judgment by issuing declarations construing various sections of the Resources Code, and to award her attorney's fees. (Appellant's Brief at 37). But

Appellant would not be entitled to rendition of judgment in this case, even if this Court should reverse the summary judgment, which it should not do.

An appellate court may not render judgment for a party appealing a final summary judgment unless that party filed a cross-motion for summary judgment that was denied; *see Merriman v. XTO Energy, Inc*., 407 S.W.3d 244, 248 (Tex. 2013); but Garcia did not do so in the trial court, and an appellate court may not infer from the pleadings any grounds for summary judgment that were not expressly presented to the trial court. *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013).

Moreover, the reasonableness of attorney's fees, whether sought under the Resources Code, or otherwise, is a question for the trier of fact; *see Haden v. David J. Sacks*, *P.C*., 332 S.W.3d 503, 512 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); and there is no trial court finding of reasonableness in this case on which this Court may render judgment.

## CONCLUSION AND PRAYER

For these reasons, Appellee Genesis Crude Oil, L.P. respectfully prays that this Court affirm the trial court's order dated November 3, 2014 granting Genesis' Amended Motion for Final Summary Judgment and grant it such other and further relief to which it may be justly entitled, including costs.

Respectfully Submitted,

LISKOW & LEWIS

/s/ Everard A. Marseglia, Jr.
Everard A. Marseglia, Jr.
Texas State Bar No. 13014400
James T. Kittrell
Texas State Bar No. 24078795
First City Tower
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
Email: emarseglia@liskow.com
Email: jkittrell@liskow.com

**ATTORNEYS FOR APPELLEE**
**GENESIS CRUDE OIL, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Appellee's Brief is being served on all attorneys of record for Appellants on this 30th day of March, 2015, by the method indicated below.

/s/ James T. Kittrell
James T. Kittrell

| | | |
|---|---|---|
| Andrew M. Greenwell<br>State Bar No. 00784170<br>Harris & Greenwell<br>One Shoreline Plaza<br>800 North Shoreline Blvd., Suite 2800-S<br>Corpus Christi, Texas 78401<br>(361) 883-1946 (Telephone)<br>(361) 882-2900 (Facsmile)<br>Email: agreenwell@harris-greenwell.com<br><br>James R. Harris<br>Harris & Greenwell-Of Counsel<br>The Six Hundred Building<br>600 Leopard Street, Suite 924<br>Corpus Christ, Texas 78401<br>(361) 929-5362 (Telephone)<br>(361) 462-4580 (Facsimile)<br>Email: jharris@harris-greenwell.com<br><br>*Attorneys for Appellant Gloria Garcia* | Certified Mail – RRR ☐<br><br>No.:<br><br>Private Delivery ☐<br><br>E-Mail ☒<br><br>Personal Delivery ☐<br><br>Personal Delivery ☐ | |

## CERTIFICATE OF COMPLIANCE

I hereby certify that Appellee's Brief was produced on a computer using Microsoft Word and contains 4,277 words, as determined by the word-count feature of the word processing software, excluding the sections of the document listed in Tex. R. App. 9.4(i)(1).

/s/ James T. Kittrell
James T. Kittrell

4193279_10.DOCX