**Thomas Wayne BULLARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–93–308 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Nov. 2, 1994.

Decided Dec. 28, 1994.

Paul N. Buchanan, Houston, for appellant.

Tom Maness, Dist. Atty., John R. Dewitt, Asst. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

**OPINION**

WALKER, Chief Justice.

This is an appeal from a conviction for the lesser included misdemeanor offense of Criminally Negligent Homicide following a jury trial on the felony charge of Involuntary Manslaughter. The jury assessed punishment at a fine of $2000, and confinement in the Jefferson County Jail for a period of one year. The jury further recommended that the jail time punishment be probated for a period of two years. Appellant raises two points of error before this Court, *viz:*

> Point of Error One: The criminally negligent homicide statute, as applied to the facts tin (sic) this case, violates due process because no provision is made for the inter-

vening negligence of the deceased causing the death.

Point of Error Two: The charge authorized conviction for criminally negligent homicide on a theory not alleged in the indictment.

The only authority provided to this Court under appellant's first point of error are the two following cases: *Crume v. State,* 658 S.W.2d 607 (Tex.Crim.App.1983); and *Graham v. State,* 657 S.W.2d 99 (Tex.Crim.App. 1983). Appellant instructs us that it is important to read the above two cases "including the dissent to get a scholarly grip on the difficulty of understanding the culpable mental state of criminal negligence." Following this, appellant provides us with no other case authority, and supporting argument, in support of his general complaint of a due process violation. The above two cases do not consider or discuss any issues in the context of either due process or due course of law. We are puzzled as to their applicability to any claim arising out of a violation of due process.

 When briefing constitutional questions, attorneys should provide substantive analyses for their arguments on each separate question. *See Muniz v. State,* 851 S.W.2d 238, 251 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993); *McCambridge v. State,* 712 S.W.2d 499, 501, n. 9 (Tex.Crim.App. 1986). *See also,* Tex.R.App.P. 74(f). The right of appellate review does not extend to complaints which are not in accordance with this State's statutes relating to appellate review. *Keith v. State,* 782 S.W.2d 861, 863, n. 3 (Tex.Crim.App.1989). While appellant does contend this is a case of first impression, providing a discussion of analogous *due process* cases as well as applying said cases to the facts of the instant case is at least necessary so as to give this Court some idea as to the scope of the appellate complaint. As appellant fails to undertake this minimal effort, point of error one is inadequately briefed and will be overruled.

■ The second point of error is grounded in a claim of error in the jury charge. The record before us is silent as to any objection to the jury charge by appellant's trial counsel. When no proper objection is made at trial, any error contained in the jury charge must be "egregious" in order for appellant to obtain a reversal. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). In the instant case, however, appellant again fails to provide any case authority in support of his contention that the particular jury instructions in question were, in the first place, erroneous, much less that said instructions presented "egregious harm" to appellant. This is again in violation of Tex. R.App.P. 74(f). *See also, Vuong v. State,* 830 S.W.2d 929, 940 (Tex.Crim.App.) *cert. denied,* —— U.S. ——, 113 S.Ct. 595, 121 L.Ed.2d 533 (1992). Point of error two is also inadequately briefed and will not be addressed. Finding no issues properly before us, the judgment and the sentence of the trial court are affirmed.

AFFIRMED.