**Affirmed and Opinion filed July 26, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00438-CV

## JOSEPH R. WILLIE, II, Appellant

## V.

## HARRIS COUNTY, CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT, and HOUSTON COMMUNITY COLLEGE SYSTEM, Appellees

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-23734**

## O P I N I O N

Joseph R. Willie, II appeals from a judgment issued in a suit to collect delinquent property taxes. Among other things, the judgment ordered that taxing authorities be reimbursed for costs associated with bringing suit from tax sale proceeds. In two issues, Willie contends that (1) the trial court lost subject matter jurisdiction when he paid the taxes, interest, and penalties due, and (2) appellees

were not entitled to recover costs because they did not prevail on the merits. We affirm.

## *Background*

Appellees, Harris County,[1] City of Houston, Houston Independent School District, and Houston Community College System, (collectively "Harris County") brought an action against Willie seeking to recover delinquent property taxes under section 33.41 of the Texas Tax Code for tax years 2008 through 2013. In its original petition, filed April 26, 2014, Harris County sought, among other things, foreclosure of its lien against the property to recover "the total amount of all delinquent taxes, penalties and interest, including penalties and interest becoming delinquent during the pendency of this suit, costs of court, attorney's fees, abstract fees, and expenses of foreclosure sale." In a suit to collect delinquent taxes, the Texas Tax Code authorizes a taxing unit to recover: "all usual court costs, including the cost of serving process . . . ; expenses of foreclosure sale; [and] reasonable expenses that are incurred by the taxing unit in determining the name, identity, and location of necessary parties and in procuring necessary legal descriptions of the property . . . ." Tex. Tax Code § 33.48(a); *see also Rogers v. Fort Bend Ind. School Dist.*, No. 14-10-00968-CV, 2011 WL 2685742, at *1 (Tex. App.—Houston [14th Dist.] July 12, 2011, no pet.) (mem. op.).[2] The Code further specifies that each of the listed costs constitutes a "charge against the property subject to foreclosure in the suit and shall be collected out of the proceeds of the sale of the property." Tex. Tax Code § 33.48(b).

---

[1] Collecting on behalf of Harris County Department of Education, the Port of Houston Authority of Harris County, the Harris County Flood Control District, and the Harris County Hospital District.

[2] In its petition, Harris County described the "abstractor's costs" as being for "procuring data and information as to the name, identity and location of necessary parties, and in procuring necessary legal descriptions of the property."

2

On March 25, 2015, Willie tendered a cashier's check to the Harris County Tax Assessor in the amount of $19,198.47, which was the amount then due for the delinquent taxes, interest, and associated penalties. Willie later filed a plea to the jurisdiction, alleging that Harris County's suit had been rendered moot by his payment. At a hearing on April 20, 2015, an attorney representing Harris County acknowledged that while Willie had paid the taxes, interest, and penalties due, he had not paid the costs associated with bringing the lawsuit. In support of this contention, Harris County presented two affidavits with attached documentation, demonstrating that Harris County had incurred abstract and title research fees of $250, service of process fees of $290, and district clerk fees of $538.50.

The trial court denied Willie's plea to the jurisdiction. In its final judgment, the court granted foreclosure of the tax liens and ordered the clerk to issue an order of sale at Harris County's request. The court further awarded Harris County the fees referenced above, to be recovered from the proceeds of the foreclosure sale.[3] In its findings of fact, the trial court noted, among other things, that at the time suit was filed, taxes were delinquent on the property in question but that the taxes, interest, and penalties were paid before trial. The court further found that "[a]s of the date of the trial, District Court Costs and Abstract/Services Fees are due and owing." In its conclusions of law, the trial court determined that the due abstract and title research fees were $250, service of process fees were $290, and district clerk fees totaled $538.50.

### *Jurisdiction*

As stated, in his first issue, Willie contends that the trial court lost subject matter jurisdiction when his payment of the taxes, interest, and penalties rendered

---

[3] Harris County's claims were brought *in rem*; thus, the final judgment was not *in personam* against Willie but only ordered recovery through foreclosure on the property.

the dispute between the parties moot. We review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Shannon v. Mem'l Drive Presbyterian Church U.S.*, 476 S.W.3d 612, 619 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). The mootness doctrine limits courts to deciding cases in which an actual controversy exists between the parties. *Fed. Deposit Ins. Corp. v. Nueces Cnty.*, 886 S.W.2d 766, 767 (Tex. 1994). A case becomes moot if there ceases to be a justiciable controversy between the parties, such as when "the issues presented are no longer 'live.'" *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012).

Willie relies on our sister court's opinion in *City of Houston v. First City* to assert that the cashier's check he tendered to Harris County for $19,198.47 served as a "payment in full" or an "accord and satisfaction" to resolve the controversy between the parties. 827 S.W. 2d 462 (Tex. App.—Houston [1st Dist.] 1992, pet. denied). In that case, First City remitted checks to the taxing authorities accompanied by transmittal letters that specifically set forth how the payments were to be applied. *Id.* at 468. The taxing authorities thereafter applied the payments in a different way than stated in the conditions, which resulted in some taxes remaining unpaid. *Id.* The court, however, held that an accord and satisfaction had occurred because the checks included conditions that the taxing authorities accepted when they received and then cashed the checks. *Id.* at 471-72.[4]

The circumstances in the present case are distinguishable from those in *First City*. Although Harris County issued a receipt showing Willie paid the amount

---

[4] "It is a fundamental principle of contract law that when a check is tendered to a party and that check lists certain conditions, and the conditions are accepted, a contract is formed when the party receiving the check cashes it or deposits it. Where such a tender is made in an effort to discharge or modify an existing and disputed obligation between the parties, the acceptance of such tender constitutes an 'accord and satisfaction.'" *First City*, 827 S.W.2d at 472.

4

then due on his taxes, Willie's cashier's check did not include any notes or attachments that indicated it was a payment in full of all obligations or otherwise conditioning acceptance of the check on settlement of all disputes between the parties. As explained above, the Tax Code authorizes a taxing unit to recover certain costs incurred in a suit to collect delinquent taxes. Tex. Tax Code § 33.48(a). Harris County had indeed sought such costs in its original petition, and it presented evidence supporting those costs at the hearing.[5]

In our more analogous opinion in *Rogers*, the property owner paid the delinquent taxes, interest, and penalties before trial but refused to pay court costs and research fees totaling $495. 2011 WL 2685742, at *1. The trial court held that having filed suit to collect delinquent taxes, the taxing unit was statutorily entitled to the court costs and research fees, and we affirmed, citing section 33.48(a). *Id*.[6] Similarly, here, although Willie paid his delinquent taxes, penalties, and interest before trial, he did not pay the remaining costs and fees to which Harris County was statutorily entitled in bringing suit. A live controversy therefore existed at the

---

[5] We further note that accord and satisfaction is an affirmative defense that must be pleaded or tried by consent or it is waived. *See* Tex. R. Civ. P. 94; *In re C.M.*, 996 S.W.2d 269, 270 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Willie did not plead accord and satisfaction and does not specifically assert that it was tried by consent.

[6] *But cf. Dallas City Homes, Inc. v. Dallas Cnty.*, No. 05–13–00033–CV, 2014 WL 2109376, at *4-5 (Tex. App.—Dallas May 14, 2014, no pet.) (mem. op.) (holding that when taxing authority did not actually recover any delinquent taxes in lawsuit to collect delinquent taxes, trial court erred in awarding costs to taxing authority). The decision in *Dallas City Homes* appears to rely, at least to a degree, on a misapplication of our holding in *Gano v. City of Houston*, 834 S.W.2d 585 (Tex. App.—Houston [14th Dist.] 1992, pet. denied). In *Gano*, we held that a taxing authority was not entitled to attorney's fees under section 33.48(a) because the taxes had been paid prior to trial. *Id*. at 587. As explained in the opinion, however, section 33.48(a) at that time permitted the recovery of attorney's fees "not exceeding 15 percent of the total amount of taxes, penalties, and interest adjudged due the unit." *Id*. at 586. We determined that because no taxes, penalties, or interest had been "adjudged due the unit," no attorney's fees could be awarded. *Id*. at 586-87. The current version of the attorney's fee provision of section 33.48(a), as amended, does not contain the word "adjudged." Furthermore, there is no similar language in the subsections of 33.48(a) at issue here.

time of trial, the dispute was not moot, and the trial court retained jurisdiction. *See, e.g., Heckman*, 369 S.W.3d at 162. Accordingly, we overrule Willie's first issue.

### *Prevailing Party*

In his second issue, Willie contends that Harris County was not entitled to recover its costs because it was not a successful or prevailing party on the merits as required under Texas Rule of Civil Procedure 131 to recover costs. Tex. R. Civ. P. 131. Willie maintains that "[t]he merits of this case were whether delinquent real property taxes, including any penalties and interest, were due at the time trial commenced," and he states that "[t]he trial court did not render, in its final judgment, that any real property taxes were due and owing." Thus, he concludes, Harris County did not prevail on the merits. Willie does not specify what "costs" he is challenging.

The costs referenced in Rule 131 generally encompass fees and charges required by law to be paid to the court or its officers, the amount of which is fixed by statute or the court's rules, for example, filing and service fees. *May v. Ticor Title Ins.*, 422 S.W.3d 93, 106 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 175 (Tex. 2013) (using similar definition of "costs" in interpreting sections of the Civil Practice and Remedies Code). As explained in the previous section of this opinion, Harris County alleged it was statutorily entitled to certain expenses under Tax Code section 33.48(a), including abstractor's fees, service of process fees, and district clerk fees. *See Rogers*, 2011 WL 2685742, at *1. Some of those fees correspond to the costs covered by Rule 131, but at least the abstractor's fees do not.[7]

---

[7] Unlike the former language related to the recovery of attorney's fees addressed in *Gano*, *see supra* n.4, there is no language in section 33.48(a) suggesting a taxing authority must obtain

6

Moreover, our review of the record clearly indicates that the trial court ruled in favor of Harris County on the merits. The trial court's findings of fact reflect that at the time suit was filed, taxes were delinquent on the property in question, and the taxes, interest, and penalties were paid only after suit was filed. Evidence presented at the hearing supported these findings. The trial court further found that by bringing a lawsuit to collect a delinquent tax, Harris County was entitled to recover certain costs of court as well as the abstractor's fee pursuant to section 33.48(a) of the Tax Code. In its final judgment, the trial court held that a valid tax lien secured payment of the costs and fees, ordered foreclosure of the lien, and ordered that the costs and fees be recovered from proceeds of the foreclosure sale.

In short, Harris County proved its entitlement to costs under section 33.48(a), and the trial court ruled in its favor. Therefore, even assuming Rule 131 applies in these circumstances, Harris County was a prevailing and successful party. *See Bayer Corp. v. DX Terminals, Ltd.*, 214 S.W.3d 586, 611-12 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("A 'successful party' under the rules is one who obtains a judgment vindicating a civil right.").

We overrule Willie's second issue and affirm the trial court's judgment.


/s/     Martha Hill Jamison
Justice

Panel consists of Justices Jamison, Donovan, and Brown.

---

a judgment awarding delinquent taxes to be entitled to the authorized costs and fees. It is sufficient that the taxing authority file a lawsuit to collect then delinquent taxes. *See* Tex. Tax Code § 33.48(a); *see also Rogers*, 2011 WL 2685742, at *1. Absent an accord and satisfaction, as occurred in *First City*, 827 S.W.2d 462, *see* discussion *supra*, a taxpayer cannot avoid paying these expenses once the suit is filed by paying only the amount of tax, interest, and penalty due.

7