# NO. 12-24-00200-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARLEY AARON BARKER,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *PINE TREE I.S.D.,*<br>*APPELLEE* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Marley Aaron Barker (acting pro se), appeals the judgment of the trial court. In six issues, he challenges the trial court's award of court costs and fees, denial of "access to information," denial of his special exception, and entry of final judgment. We affirm.

## BACKGROUND

On January 23, 2024, Appellee Pine Tree I.S.D. (the District) sued Barker to collect delinquent property taxes for tax year 2022. On February 1, Barker's 2023 property taxes became delinquent and were made part of the suit. Barker paid the full amount of taxes, penalties, and interest due for 2022 and 2023 on February 26. On February 27, Barker filed a special exception to the District's pleadings, alleging that the District did not "separately state the amounts of tax, penalties, interest, and costs as required by Texas Tax Code § 33.43(a)(2) and Texas Tax Code § 33.43(a)(5)." The trial court denied Barker's special exception the

following day. Although Barker paid the delinquent taxes, the payment of court costs and title research fees remained outstanding in this matter, and the case was set for trial. Prior to trial, the District filed an affidavit in support of its recovery of attorney's fees and expenses in the amount of $292.94. The Gregg County District Clerk filed a bill of costs that amounted to $451.00 in fees due.

Subsequently, on May 6, both parties appeared before the trial court for a bench trial. The hearing, at which Barker admitted paying the allegedly delinquent tax amounts in full, concluded with the trial court entering judgment for the District in the amount of $743.94. Pursuant to Barker's request, the trial court issued findings of fact and conclusions of law. This appeal followed.

## AWARD OF COURT COSTS AND TITLE RESEARCH FEE

In his first issue, Barker asserts that the trial court erred in awarding court costs and title research expenses to the District because the District was not a prevailing party in the suit. We construe Barker's fifth issue as challenging the sufficiency of the evidence to support the trial court's final judgment, in which the only finding adverse to him was the trial court's award of court costs and title research expenses to the District. In his sixth issue, Barker contends that the trial court erred by awarding the District title research fees in its final judgment without "sufficient evidence of reasonableness and necessity," and alleges that the trial court erred in "denying [his] discovery requests" so that he could "obtain[ ] evidence necessary to challenge the fees."

### Entitlement to Fees and Costs

The trial court's allocation of costs can be overturned only if the court abused its discretion. *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 534 S.W.3d 558, 596 (Tex. App.—San Antonio 2017), *aff'd*, 593 S.W.3d 324 (Tex. 2020). However, whether a particular expense is recoverable under statute or rule as court costs is a question of law, which we review de novo. *Id.*

Pertaining to recovery of costs of suit, the Texas Rules of Civil Procedure state generally, "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX. R. CIV. P. 131. The Texas Tax Code provides, more specifically:

In addition to other costs authorized by law, a taxing unit is entitled to recover the following costs and expenses in a suit to collect a delinquent tax: (1) all usual court costs, including the cost of serving process and electronic filing fees; (2) costs of filing for record a notice of lis pendens against property; (3) expenses of foreclosure sale; (4) reasonable expenses that are incurred by the taxing unit in determining the name, identity, and location of necessary parties and in procuring necessary legal descriptions of the property on which a delinquent tax is due; (5) attorney's fees in the amount of 15 percent of the total amount of taxes, penalties, and interest due the unit; and (6) reasonable attorney ad litem fees approved by the court that are incurred in a suit in which the court orders the appointment of an attorney to represent the interests of a defendant served with process by means of citation by publication or posting.

TEX. TAX CODE ANN. § 33.48(a) (West 2023).

Barker appears to allege that his payment of the delinquent taxes prior to trial either resolved or mooted the "substantive claim" in the lawsuit, which consequently rendered the claim for "court costs and abstract costs" moot. He cites *Dallas City Homes, Inc. v. Dallas County* for the proposition that because the District did not ultimately obtain a judgment for the amount of the delinquent taxes, it is not entitled to collect court costs under either the Texas Rules of Civil Procedure or the Tax Code. *Dallas City Homes, Inc. v. Dallas Cnty.*, No. 05-13-00033-CV, 2014 WL 2109376, at *5 (Tex. App.—Dallas May 14, 2014, no pet.) (mem. op.). He further claims, contrary to the record before us, that the District "did not secure or even ultimately seek an award for taxes" in the underlying lawsuit. However, *Dallas City Homes* is distinguishable from this case because, although the relevant taxing authority therein originally initiated a suit under the Texas Tax Code to recover delinquent taxes, said taxing authority obtained payment of said delinquent taxes in a manner entirely unconnected to the lawsuit:

When the Taxing Authorities initiated this suit to collect delinquent taxes in February 2011, they did so pursuant to the Texas Tax Code. In November 2011, the Taxing Authorities filed a motion for continuance citing the reason for a continuance was "in order to rectify chain of ownership and necessary party defendants." Then, *outside the realm of this suit*, the City foreclosed, bought, and became the owner of the Property in September 2011. Next, a joint motion for continuance was filed in April 2012, requesting a continuance in order to "work through the ownership issues regarding the property," which at that time was owned by the City. In June 2012, after the City became the owner of the Property, the County withheld Section 8 funds from DCH and paid the delinquent taxes on the property. It is clear from these facts *the Taxing Authorities did not need to initiate this suit in order to collect taxes owed by DCH. The foreclosure of the Property was not conducted as a tax foreclosure*, but a foreclosure pursuant to the deed of trust with the City. *Nor did the Taxing Authorities utilize this suit to satisfy the delinquent taxes* by DCH as required by the tax code…. Because the Taxing Authorities did not use this suit to foreclose on the property or to collect the funds from DCH to pay the delinquent taxes, we conclude the trial court abused its discretion in awarding court costs[.]

*Id.* (emphasis added). The complex fact pattern and procedural history present in ***Dallas City Homes*** is altogether absent in this case.

We further note that, although a previous version of Section 33.48(a) required that attorney's fees not exceed fifteen percent of the "total amount of taxes, penalties, and interest *adjudged* due the unit," suggesting that a judgment awarding delinquent taxes was necessary for a taxing authority to collect court costs, the currently effective version does not contain the word "adjudged." Tex. Tax Code Ann. § 33.48(a). As our sister court explained, in the current version of Section 33.48(a):

> …there is no language … suggesting a taxing authority must obtain a judgment awarding delinquent taxes to be entitled to the authorized costs and fees. It is sufficient that the taxing authority file a lawsuit to collect then delinquent taxes. Absent an accord and satisfaction … a taxpayer cannot avoid paying these expenses once the suit is filed by paying only the amount of tax, interest, and penalty due.

***Willie v. Harris Cnty.***, 499 S.W.3d 907, 911 n.6-7 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *see also* ***Rogers v. Fort Bend Indep. Sch. Dist.***, No. 14-10-00968-CV, 2011 WL 2685742, at *1 (Tex. App.—Houston [14th Dist.] July 12, 2011, no pet.) (mem. op.) (trial court retained jurisdiction to award court costs despite taxpayer's payment of delinquent taxes forming basis for suit). Similarly, in this case, the District became entitled to recover the costs set forth in Section 33.48(a) at the time it filed suit to collect Barker's then-delinquent property taxes. And, as occurred in ***Willie***, Barker's payment of only the delinquent taxes did not extinguish or moot the District's claim for fees and costs under Section 33.48(a).

Addressing Barker's claim that the District could not collect court costs as a prevailing party under Rule 131 of the Texas Rules of Civil Procedure, our review of the record indicates that the trial court ruled in the District's favor on the merits of the claims remaining at trial. *See* ***Mag Instrument, Inc. v. G.T. Sales Inc.***, 294 S.W.3d 800, 808 (Tex. App.—Dallas 2009, pet. denied) ("Whether a party is "successful" [for purposes of Rule 131] is based upon success on the merits and not on the award of damages."). Specifically, the court's findings of fact reflect that Barker voluntarily paid the outstanding taxes, penalties, and interest for tax years 2022 and 2023 only *after* the District filed the underlying lawsuit. The trial court further found that the District was entitled to recover title research fees, costs of suit, and Gregg County District Clerk fees related to service of citation, all due and owing under Section 33.48(a), and assessed these expenses against Barker. In summary, to the extent that Rule 131 is applicable to this case, the

District was a prevailing and "successful" party, and the trial court did not abuse its discretion in awarding costs and fees.

For the above reasons, we overrule Barker's first issue.

**Factual Sufficiency**

In his fifth issue, Barker argues that the trial court erred by entering judgment in favor of the District because "genuine issues of material fact remained unresolved." The trial court's final judgment dismisses without prejudice any defendants other than Barker and any causes of action other than the District's claim for court costs, citation postage fees, and title research expenses. Pertaining to this sole remaining claim, the judgment finds that the District prevailed on all issues and awards it judgment against Barker in the amount of $743.94. Barker appears to have confused the trial court's *entry* of judgment following trial with the granting of a motion for summary judgment under Rule 166a of the Texas Rules of Civil Procedure (which the record indicates did not occur in this case). To give effect to Barker's argument, we liberally construe his fifth point of error as a challenge to the sufficiency of the evidence to support the trial court's judgment. *See* TEX. R. APP. P. 38.9.

We note that because Barker does not cite Rule 166a with specificity, it is unclear whether he challenges the legal sufficiency or factual sufficiency of the evidence. *See **Scott Pelley P.C. v. Wynne***, 578 S.W.3d 694, 701 (Tex. App.—Dallas 2019, no pet.) (explaining that remedy for "no evidence" or legal sufficiency challenge is to reverse and render, while remedy for factual sufficiency is to reverse and remand). However, Appellant's prayer for relief requests that we "find that this case is moot as a matter of law or, in the alternative, that it be remanded for further fact-finding." Given the relief requested, and because we already addressed the mootness challenge, we will treat Appellant's fifth issue as challenging the factual sufficiency of the evidence.

In reviewing the factual sufficiency of the evidence, we weigh all the evidence, and we will set aside the judgment only if it is against the great weight and preponderance of the evidence. ***City of Keller v. Wilson***, 168 S.W.3d 802, 826 (Tex. 2005); *see also **Cain v. Bain***, 709 S.W.2d 175, 176 (Tex. 1986). When conducting a factual-sufficiency review, we do not substitute our judgment for that of the factfinder. ***Golden Eagle Archery, Inc. v. Jackson***, 116 S.W.3d 757, 761 (Tex. 2003). Where a party who did not have the burden of proof on an issue asserts that a trial court's finding of fact is contrary to the evidence, we must overrule the

complaint unless the finding is clearly wrong and manifestly unjust. *See Santa Fe Petroleum, L.L.C. v. Star Canyon Corp.*, 156 S.W.3d 630, 637 (Tex. App.—Tyler 2004, no pet.) (citing *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965)).

As discussed above, in a suit to collect delinquent taxes, the Texas Tax Code entitles a taxing unit to recover "all usual court costs, including the cost of serving process and electronic filing fees," and "reasonable expenses that are incurred by the taxing unit in determining the name, identity, and location of necessary parties and in procuring necessary legal descriptions of the property on which a delinquent tax is due." TEX. TAX CODE ANN. § 33.48(a). A taxing authority becomes entitled to recover these expenses when it files a lawsuit to collect taxes delinquent at the time of filing. *See Willie*, 499 S.W.3d at 911 n.6-7.

The record before us contains tax statements from the Pine Tree I.S.D. Tax Office for the years 2022 and 2023 covering the property described in the underlying lawsuit. The 2022 statement indicates that the taxes will become delinquent on February 1, 2023. The trial court also had before it certified receipts indicating that Barker paid the outstanding tax amount for 2022 on February 26, 2024, well after the delinquency date indicated on the earlier statement. The record further includes a Bill of Costs certified by Trey Hattaway, the Clerk of the District Court of Gregg County, Texas, indicating that the total amount of fees due for the underlying matter is $451.00– $376.00 in "district clerk fees" and $75.00 in "sheriff/constable fees." Also present is the affidavit of Staci L. Gold, in which Gold avers that she is a licensed attorney authorized and directed by the District to collect taxes on its behalf. She states that in the prosecution of the underlying lawsuit, the District incurred postage costs for service of citations in the amount of $17.94, as well as expenses incurred to determine "the name, identity, and location of necessary parties and in procuring necessary legal descriptions of the property on which a delinquent tax is due" (the Title Research Fees) in the amount of $275.00, for a total of $292.94.

Based upon the foregoing evidence, a reasonable factfinder could conclude that Barker owed delinquent taxes on the subject property as of January 23, 2024, the date on which the District filed suit. The trial court could also reasonably conclude that the District incurred costs in the total amount of $743.94 in prosecuting the lawsuit to recover said delinquent taxes. We cannot say that the trial court's finding that the District was entitled to recover fees and costs in the amount of $743.94 from Barker is so against the great weight and preponderance of the

evidence as to be clearly wrong and manifestly unjust. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986); *City of Keller*, 168 S.W.3d at 826; *Cain*, 709 S.W.2d at 176. Further, the trial court's judgment does not shock the conscience or clearly demonstrate bias. *See Pool*, 715 S.W.2d at 635. Accordingly, we overrule Barker's fifth issue.

**Reasonableness of Title Research Fee**

In his sixth issue, Barker contends that the trial court erred by awarding the District title research fees in its final judgment without "sufficient evidence of reasonableness and necessity," and alleges that the trial court erred in "denying [his] discovery requests" so that he could "obtain[ ] evidence necessary to challenge the fees."

We first note that Barker fails to present any substantive legal analysis as to the alleged denial of discovery on the title research fee amount. *See* TEX. R. APP. P. 38.1(i) (brief must contain clear and concise argument for the contentions made, with appropriate citations to authorities and to the record). Moreover, Barker appears to conflate the title research fees awarded in this matter (described in the Tax Code as "reasonable expenses that are incurred by the taxing unit in determining the name, identity, and location of necessary parties and in procuring necessary legal descriptions of the property on which a delinquent tax is due") with standard attorney's fees and cites authorities regarding the evidence needed to calculate "the reasonableness and necessity of attorney's fees in a fee-shifting situation." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). We note that the Texas Tax Code does not permit the assessment of costs against a taxing authority in a suit for collection of delinquent tax, so such a suit is not a standard "fee-shifting" situation. *See* TEX. TAX CODE ANN. § 33.49(a) (West 2023). While Section 33.48(a) entitles a taxing authority to recover "reasonable" title research expenses, Barker does not cite (and we do not find) any legal authority suggesting that these expenses must be supported in the manner set forth in *Rohrmoos Venture* for an award of attorney's fees (and even in that case, the Texas Supreme Court explained that contemporaneous billing records are not required to prove that requested attorney's fees are reasonable and necessary). *See Rohrmoos Venture*, 578 S.W.3d at 502.

Outside of the foregoing, Barker's argument regarding the reasonableness of the title research fee is as follows:

> [T]he alleged title work is actually a verbatium [sic] transfer of information compiled and maintained by the Gregg County appraisal district. The tax authority and their agents performed

7

> no work to assess the title or property description aside from the copy and paste function from the appraisal district. As such it is tantamount to fraud on this Right Honorable Court and the honorable corut [sic] below to attempt to pass off the work of others as reasonable or incurred by the tax authority. A shameless money grab without any legal basis.

Barker provides no citations to the record or to any legal authority to support the foregoing challenge to the reasonableness of the $275.00 title research fee included in the final judgment. At least one of our sister courts previously affirmed as reasonable title research or abstractor's fees in similar amounts. *See Davis v. Angleton Indep. Sch. Dist.*, 582 S.W.3d 474, 482 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (affirming judgment awarding $200.00 research fee); *Rogers*, 2011 WL 2685742 at *1-2 (affirming judgment awarding $250.00 research fee). Further, we located two additional cases involving title research or abstractor's fees similar to the fee at issue herein (although the appellants did not raise the reasonableness of the fee as part of their respective appeals). *See Nevarez as Tr. of 1010 S. Oregon Fam. Tr. v. City of El Paso*, No. 08-22-00061-CV, 2023 WL 3325197, at *2 (Tex. App.—El Paso May 9, 2023, no pet.) (mem. op.) (judgment included $810.00 in "abstractor's fees incurred in securing date and information as to the name, identity, and location of necessary parties and legal descriptions" of three properties); *Haley v. Harris Cnty.*, No. 14-11-01051-CV, 2012 WL 4955257, at *2 (Tex. App.—Houston [14th Dist.] Oct. 18, 2012, no pet.) (mem. op.) (judgment awarded taxing authority $300.00 in abstractor's fees). Based upon the record before us and our review of the relevant authorities, we cannot conclude that the trial court abused its discretion in awarding the District title research fees in the amount of $275.00.

For these reasons, we overrule Barker's sixth issue.

### ACCESS TO PROCEDURAL INFORMATION/DUE PROCESS

In his second issue, Barker contends that "[t]he court's refusal to provide the appropriate procedural information, specifically the local standing orders governing the disposition of cases in Gregg County," violated his procedural and substantive due process rights under both the United States and Texas Constitutions.

We recognize that Barker is acting pro se on appeal, and, as we do throughout this opinion, we must construe his briefing liberally. *See Amrhein v. Bollinger*, 593 S.W.3d 398, 401 (Tex. App.–Dallas 2019, no pet.); *see also Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). However, our rules of appellate procedure have specific requirements for

8

briefing, and the law is well-settled that a party proceeding pro se must comply with all applicable rules. *Amrhein*, 593 S.W.3d at 401; *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.–Dallas 2007, no pet.); *see* TEX. R. APP. P. 38.1. We may not apply different standards for litigants appearing without advice of counsel. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.–Dallas 2010, no pet.); *see also Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 36 (Tex. App.–Houston [1st Dist.] 2011, no pet.). Otherwise, pro se litigants would be afforded an unfair advantage over those represented by counsel. *See Sprowl v. Stiles*, No. 05-18-01058-CV, 2019 WL 3543581, at *4 (Tex. App.–Dallas Aug. 4, 2019, no pet.) (mem. op.). Therefore, on appeal, Barker must properly present his case according to the rules of appellate procedure.

Rule 38.1 of the Texas Rules of Appellate Procedure mandates that an appellant's brief contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1(i). The appellant must explain how the law in the cited authorities applies to the material facts in the record and supports his arguments on appeal. *Schmitz v. Denton Cty. Cowboy Church*, 550 S.W.3d 342, 363 (Tex. App.–Fort Worth 2018, pet. denied). The failure to brief, or to adequately brief, an issue by an appellant effects a waiver of that issue on appeal. *General Servs. Comm'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591, 598 n.1 (Tex. 2001). It is not our duty to review the record, research the law, and fashion a legal argument for an appellant when he fails to do so. *Zhang v. Capital Plastic & Bags, Inc.*, 587 S.W.3d 82, 90 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

As best we can discern from Barker's briefing, during the pendency of this case, Barker uploaded a letter to the court coordinator for the Gregg County Court at Law No. 2 requesting either "copies of any standing orders that are applicable to proceedings" in the court, or "if the standing orders are publicly accessible," "guidance" on where to find them. Barker alleges that he received a response via e-mail providing "an unrelated court order," and stating the fee schedule for copies.[1] Barker admits in his brief that "[u]pon later investigation," he "discovered that these standing orders were, in fact, freely available online through the Office of Court Administration, but this information was not provided by the court." Barker states in a conclusory fashion that (1) this exchange amounts to "denial of access to critical procedural information" which "constitutes a clear violation of [his] right to proper notice and the

---

[1] Barker's appendix contains a copy of the response e-mail but does not include the attached order.

opportunity to be heard," and (2) "[t]he court's failure to provide the correct standing orders or direct the appellant to the free resources available online deprived him of the ability to adequately prepare for his case, violating both his procedural and substantive due process rights."

Barker cites no authority in his briefing on this issue other than (1) the Fourteenth Amendment to the United States Constitution, (2) Article I, Section 19 of the Texas Constitution, (3) *Mullane v. Central Hanover Bank and Trust Co.*, a United States Supreme Court case in which the Court decided that "opportunity to appear and be heard" was a requirement of due process, and (4) *Plyler v. Doe*, a United States Supreme Court case determining whether the Equal Protection Clause granted illegal immigrants a right to public education. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 656–57, 94 L. Ed. 865 (1950); *Plyler v. Doe*, 457 U.S. 202, 230, 102 S. Ct. 2382, 2401, 72 L. Ed. 2d 786 (1982). None of these authorities pertain to a due process right to access what Barker suggests is "critical procedural information." Nor do these authorities support Barker's contention that the failure of court personnel to provide information about publicly available resources (which even Barker admits he later discovered without assistance) constitutes a denial of due process. Because Barker fails to provide us with any substantive argument or analysis of his constitutional arguments, he presents nothing for our review. And although Barker does not contend that this case presents an issue of first impression, even if such an issue were presented, providing a "discussion of analogous ... cases as well as applying said cases to the facts of the instant case is at least necessary so as to give this Court some idea as to the scope of the appellate complaint." *Bullard v. State*, 891 S.W.2d 14, 15 (Tex. App.—Beaumont 1994, no writ).

As part of this second issue, Barker appears to allege that the District's counsel violated the applicable local rules and, in turn, Texas Rule of Civil Procedure 21(b), by "setting a hearing without adhering to the established timelines or providing sufficient notice to the appellant" and "proceeding to trial unilaterally." However, Barker fails to provide any more specific facts (such as how much notice the applicable local rules required, versus how much he alleges he received), any citations to the record, or any substantive analysis related to this contention. If other relevant facts or circumstances exist to support this portion of Barker's second issue, he neither specifically revealed such facts or circumstances to this Court nor explained how, with specific references to authority, the trial court's actions amounted to error, an abuse of discretion, or a

violation of his due process rights. *See Amrhein*, 593 S.W.3d at 402 (citing *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004)) ("When the issue on appeal is unsupported by argument or lacks citation to the record or to legal authority, nothing is presented for review.").

We overrule Barker's second issue.

**DENIAL OF SPECIAL EXCEPTION**

In his third issue, Barker argues that the trial court erred in denying his special exception to the District's pleadings because it did not separately state the amounts owed for taxes and for penalties, interest, and costs, as he asserts the Texas Tax Code requires.

**Standard of Review and Applicable Law**

Texas Rules of Civil Procedure 90 and 91 provide the means for a party to specially except to an adverse party's pleadings. *See* TEX. R. CIV. P. 90, 91. The purpose of special exceptions is to furnish a party with a medium by which to force clarification of an adverse party's pleadings when they are not clear or sufficiently specific. *See Adams v. First Nat. Bank of Bells/Savoy*, 154 S.W.3d 859, 876 (Tex. App.—Dallas 2005, no pet.). To properly present a special exception, the defendant must identify the particular pleading excepted to and the defect alleged therein and do so "intelligibly and with particularity." TEX. R. CIV. P. 91. We review a trial court's ruling on special exceptions for an abuse of discretion. *See Aldous v. Bruss*, 405 S.W.3d 847, 857 (Tex. App.—Houston [14th Dist.] 2013, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules and principles. *See Perry Homes v. Cull*, 258 S.W.3d 580, 598 & n. 102 (Tex. 2008). Absent a showing of injury, the trial court's ruling on special exceptions will not be disturbed. *Gause v. Gause*, 496 S.W.3d 913, 919 (Tex. App.—Austin 2016, no pet.).

Section 33.43 of the Texas Tax Code provides in relevant part that a petition "initiating a suit to collect a delinquent property tax" is sufficient if it alleges that "tax in a stated amount was legally imposed on each separately described property," and that "penalties, interest, and costs authorized by law in a stated amount for each separately assessed property are due[.]" TEX. TAX CODE ANN. § 33.43(a) (West 2023).

11

**Analysis**

Barker claimed in his special exception, and maintains on appeal, that the Tax Code required the District to state in its petition two separate amounts owed for the property at issue: first, the amount of taxes owed, and second, the amount of "penalties, interest, and costs" owed. Instead, the petition alleged the amount owed as a "lump sum," which Barker contends violates the statutory mandate for petitions in suits of this type. He claims that the alleged error "prevented [him] from being able to sufficiently respond to the pleadings, as the amounts and methods of calculation could not be determined. Additionally, the lack of specificity raises doubt about whether the property account has been properly identified, casting doubt on other procedures the taxing authority alleges it has properly complied with."

The District's Original Petition listed the amounts owed as follows:

**PROPERTY AND AMOUNTS DUE:**
**Tract: 1**
Account Number: [ ]
Property Description: [ ]
Deed Reference: [ ]
Assessed Name: BARKER MARLEY AARON

| | |
|---|---|
| $1,431.29 | Due to Pine Tree Independent School District For Tax Years: 2022 |
| $1,431.29 | TOTAL DUE (01/2024) |

**TOTAL AMOUNTS DUE:**

| | |
|---|---|
| $1,431.29 | Due to Pine Tree Independent School District |
| $275.00 | Title Research Fee |
| **$1,706.39** | **TOTAL DUE (01/2024)** |
| **$1,717.82** | **TOTAL DUE (02/2024)** |

It appears that while the District's petition provides the title research fee amount separately, the amount listed as "due to Pine Tree Independent School District" is comprised of both the base tax amount for 2022 and the interest accrued on the delinquent amount as of the date of the petition. We note that the citation personally served upon Barker on February 22, 2024, provides the "total amount of delinquent taxes" as $961.88, and the "total amount of delinquent taxes, penalty, and interest due on the property(s) as of this date" as $1,442.82.

Assuming without deciding that the trial court erred by denying Barker's special exception, Barker cannot demonstrate harm. *See **Gause***, 496 S.W.3d at 919. On February 26, the day before he filed the special exception at issue, Barker voluntarily paid the full amount of tax, penalties, and interest claimed as due by the District. Thereafter, the District acknowledged that the delinquent tax amounts were paid and that the only remaining issue for trial was the

payment of fees and costs under Section 33.48(a). Finally, the trial court's final judgment dismissed the District's claim for payment of the delinquent taxes (as a claim not specifically mentioned in said final judgment). Barker fails to show that any trial court error related to the denial of his special exception either probably caused the rendition of an improper judgment or probably prevented him from properly presenting his case to this Court. *See* Tex. R. App. P. 44.1(a).

We conclude Barker cannot show that the denial of his special exception constituted reversible error. Consequently, we overrule Appellant's third issue.

## APPLICATION OF DELINQUENT TAX PAYMENT

In his fourth issue, Barker claims that the District "misapplied [his] tax payment" by failing to follow federal principles regarding the order in which said payment should be applied to tax, penalties, and interest, respectively. Barker alleges that Section 31.07 of the Texas Tax Code does not provide a "precise order in which [tax] payments must be applied" to the separate categories of tax, penalties, and interest, which he claims is an ambiguity that should be "resolved in favor of the taxpayer." Therefore, he asserts, this Court should "mandate that payments follow the federal approach applying payments first to tax, then to penalties, and finally to interest."

Barker's briefing on this issue contains no citations to the record, nor any statements of fact pertinent to this case at all. He does not explain how or to what extent his payment was "misapplied," nor how said misapplication may have influenced the outcome of this case or caused an error in the trial court's judgment. As discussed *infra*, Rule 38.1 of the Texas Rules of Appellate Procedure mandates that an appellant's brief contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record. Tex. R. App. P. 38.1(i). Moreover, the appellant must explain how the law in the cited authorities applies to the material facts in the record and supports his arguments on appeal. ***Schmitz***, 550 S.W.3d at 363. Barker has not fulfilled the briefing requirements pertaining to this issue and presents nothing for our review on appeal. *See* Tex. R. App. P. 38.1(i); ***General Servs. Comm'n***, 39 S.W.3d at 598 n.1.

Further, we note that Barker appears to seek an advisory opinion from this Court through this issue. The distinctive feature of an advisory opinion is that it decides an abstract question of

law without binding the parties. *In re Lopez*, 593 S.W.3d 353, 357 (Tex. App.—Tyler 2018, orig. proceeding) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)). Texas courts have no jurisdiction to render an advisory opinion. *Id.* Regarding his requested relief, Barker states, "Given the ambiguity in Texas law, this court should mandate that payments follow the federal approach of applying payments first to tax, then to penalties, and finally to interest. … By adopting a clear payment hierarchy, the court ensures that the ambiguity does not unjustly penalize taxpayers, ensuring equity and compliance." Significantly, Barker does not request or discuss any form of relief related to his own payment of the delinquent taxes at issue in this case, but instead asks that we create a general and statewide scheme for application of future delinquent tax payments that is not found anywhere within the Texas Tax Code. *See Houston Chron. Pub. Co. v. Thomas*, 196 S.W.3d 396, 401 (Tex. App. App.—Houston [1st Dist.] 2006) (advisory opinion is one that neither constitutes specific relief to a litigant nor affects legal relations between the parties). We decline to do so.

Thus, for the foregoing reasons, we overrule Barker's fourth issue.

## DISPOSITION

Having overruled each of Barker's six issues, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion November 27, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 27, 2024**

**NO. 12-24-00200-CV**

**MARLEY AARON BARKER,**
Appellant
V.
**PINE TREE I.S.D.,**
Appellee

Appeal from the County Court at Law No 2
of Gregg County, Texas (Tr.Ct.No. 022785-CCL2)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, Marley Aaron Barker, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*